[No. 4358. Decided December 23, 1902.]

JANET BELL, *Respondent*, v. CITY OF SPOKANE, *Appellant*.

MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALK — ACTION FOR IN-JURIES — EVIDENCE.

The admission of evidence of the defective condition of a sidewalk after an accident was not prejudicial error, when the evi-

dence was merely cumulative of testimony describing the walk at the time of the accident.

SAME.

Where the question of notice to the city of the defective condition of a sidewalk is contested, testimony showing its condition both before and after the accident is admissible for the purpose of establishing knowledge of the defect on the city's part.

SAME — CLAIM FOR INJURIES — MISTAKE IN DATE — CORRECTION BY PAROL.

A claim for damages filed by an injured party with the city council in accordance with the requirements of the city charter is admissible in evidence, though the jurat attached thereto apparently indicates it was sworn to on the day prior to the injury, if it appears by parol testimony that the date was erroneous and that the claim was actually made out and sworn to after the accident and filed within the period prescribed by the charter for the presentment of such claims.

INSTRUCTIONS — CONSTRUCTION AS A WHOLE.

A detached portion of an instruction will not be held as erroneous, where its meaning, when taken in connection with the balance of the instruction, is clearly shown to be unobjectionable.

VARIANCE.

In an action for injuries caused by a defective sidewalk, there is no variance between the claim filed with the city council and the proofs adduced on the trial, by reason of the fact that plaintiff testified she received the injuries complained of by having her foot caught between two planks, while the claim described the injuries as caused by her feet catching and stumbling over, upon, and against the nails projecting from the planks of the walk, and by reason of said planks having become loose, warped, decayed and shaky, whereby they bent and sank beneath the weight of one stepping upon them.

Appeal from Superior Court, Spokane County.—Hon. FRANK H. RUDKIN, Judge. Affirmed.

*A. H. Kenyon* and *John P. Judson,* for appellant.

*E. H. Belden,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from a judgment for damages for personal injuries alleged to have been sustained by respondent upon one of the public streets of the city of Spokane. The first assignment is that the court erred in permitting the witnesses Louis Mondt and L. C. Mondt to testify to repairs made by them and the condition of the sidewalk, where the accident occurred, a considerable time after the occurrence. An examination of the testimony of these witnesses reveals the fact that it was intended to, and did, show the condition of the walk prior to and subsequent to the time of the accident, and was intended to show the means of witnesses' knowledge of the condition of the walk at the time of the accident. It shows that for a long period before the alleged accident, and until a considerable period after the accident, the walk was in the same condition as it was at the time of the accident; that the planks were loose, and the stringers decayed; and that the walk was in a very dilapidated and dangerous condition. This testimony would have been admissible, in any event, to show notice to the city. It is contended by the appellant that notice was admitted, and that the city relied upon having repaired the street; but the record shows that the question of notice was contested, and that testimony tending to show notice was strenuously objected to. In any event, the testimony was cumulative, and, under the state of facts shown by the record, was absolutely harmless, so far as the appellant's interests are concerned. It was decided by this court in *Elster v. Seattle,* 18 Wash. 304 (51 Pac. 394), that the admission of evidence of the condition of a sidewalk after the accident was not prejudicial error, when the evidence was simply cumulative of testimony describing the walk at the time of the accident. In that case it was said:

"The first objection is as to the admission of the testimony of witness Hines, who testified to the condition of the walk a week or ten days after the accident occurred. This, in any event, was only cumulative evidence, and could not have been prejudicial, from the fact that he described the condition of the sidewalk the same as it was described by the other witnesses who saw the walk at or about the time of the accident."

There was no error in admitting the testimony.

The second assignment is that the court erred in admitting in evidence, over the objection of defendant, plaintiff's claim of damages; and the fourth, that the court erred in giving instruction, which is as follows:

"If you believe from the evidence that the claim which had been offered in evidence by the plaintiff was in fact filed with the city council within one month after the happening of the alleged accident, and that the same was in fact subscribed by the plaintiff, and that the affidavit of its truth was in fact subscribed and sworn to by said plaintiff after the happening of said alleged accident and prior to the filing thereof, then I charge you as a matter of law that such claim is a sufficient claim under the provisions of the charter of the city of Spokane to prevent any waiver of the plaintiff's claim, if any she had."

These two assignments will be considered together. The accident occurred on the 8th of August, 1901. It appeared by the jurat that the claim was sworn to by the respondent on the 7th of August, 1901, and proof was introduced, by the testimony of the respondent and of the notary who administered the oath, that the claim was actually sworn to on the 7th day of September, 1901. That is the basis of the objection here presented. We think the court committed no error in admitting the testimony or in giving the instruction complained of. The jurat is not a part of the affidavit. A date is not essential to an affidavit, and, if a mistake has been made in the date, it is

competent to show it by parol testimony. 1 Enc. Pl. & Pr., p. 320, and cases cited. It must have been apparent to the city council who passed upon this claim, if, indeed, they noticed the date at all, that the insertion of the 7th of August instead of the 7th of September was purely a clerical error, and could in no way affect their deliberations on the subject of the damages claimed, or their determination in regard thereto. The charter provision is essentially one of notice, and was probably intended to enable cities to repair defective sidewalks, and thereby prevent further liability, to give them an opportunity to settle the claim without the expense of a law suit, and also an opportunity to obtain and preserve testimony in relation to the condition of the street, and the circumstances surrounding the accident; and was not intended as a stumbling block or a pitfall to prevent recovery by meritorious claimants. We think, as the court indicated, that if it appeared in the trial of the cause that the claim was actually made and sworn to and presented within the time prescribed by the charter, and was sufficient in other respects, the object of the charter provision has been accomplished. There was no error in denying defendant's motion for a nonsuit, as there was ample testimony to sustain the verdict. The instructions asked for and refused, which refusal the appellant assigns as error, were substantially given by the court in other instructions, though not in such evidentiary detail as is set out in the instructions asked.

The seventh assignment is that the court erred in giving to the jury of its own motion the following instruction:

"Of course, you cannot measure in dollars and cents the exact amount which she is entitled to recover, but it is for you to say, in the exercise of a sound discretion, from all the facts in the case, after considering and weighing all the

testimony in the case, without fear and without favor, without passion and without prejudice, what amount of money will reasonably compensate her for the damage and injury which she has suffered."

It is insisted that in this instruction the court virtually told the jury that the plaintiff was entitled to recover something, that the least that can be said is that the court expressed its opinion that the plaintiff was entitled to recover on the evidence, and that it was in violation of the constitutional provision prohibiting the court from in any manner expressing any opinion or commenting on the evidence, either directly or indirectly. No proper error can be assigned on a detached portion of an instruction, and, when the whole instruction on the subject criticized is read, it is shown very plainly that no error was committed. The instruction complained of commences as follows: "If you find, under the instructions already given, gentlemen of the jury, that the plaintiff is entitled to recover in this action, the amount of the recovery is for you to determine from all the facts in the case;" and the jury, without any doubt, understood that the clause quoted by the appellant must have reference to the subjunctive clause in the first part of the instruction. If the jury could not understand this, it would be idle to instruct the jury at all. The instructions of the court as a whole,—both those offered by the court on its own motion, and those given at the request of the appellant,—were much more favorable to the appellant than the ordinary instructions on subjects of this character, and the appellant has no legal ground to complain of the same.

The third assignment of error, that the court erred in denying defendant's motion for a nonsuit by reason of a variance between the claim filed and the proofs adduced, because, as alleged by appellant, the claim filed states that the
33-30 WASH.

accident occurred to plaintiff by reason of her foot catching and stumbling against the nails projecting from the sidewalk, while the plaintiff testified that she caught her foot between two planks in the walk, and thus received the injuries complained of, and that the city was thereby deceived as to the character and cause of the accident, expecting the plaintiff to try to prove the walk in one condition, while it was met at the trial by an entirely new and different contention and character of evidence, can be disposed of by a reference to the claim itself, which in that particular is as follows:

"That the cause of said injuries was a fall upon said walk at the place aforesaid, by reason of my feet catching and stumbling over, upon, and against the nails projecting from the plank of said walk, and by reason of said plank or boards of said walk having become loose, warped, decayed, and shaky, and so as to permit some of said plank to weaken and lower when stepped upon, and thus sink or bend upon weight being made thereon on account of the decayed condition of the timbers running lengthwise with the said Second avenue, upon which were laid the plank or boards of said walk; that each, all, and every of said causes and defects contributed to and made said walk unsafe and dangerous, and each, all, and every of said defects contributed to and caused the injuries herein mentioned."

The cause was tried without error, and the judgment will be affirmed.

Reavis, C. J., and Mount, Anders and Fullerton, JJ., concur.