## MARY LEE v. THE ELIZABETH, PLAINFIELD AND CENTRAL JERSEY RAILWAY CO.

Argued February 18, 1903—Decided June 8, 1903.

In an action against a street railway company for injuries, where it appears from the clear weight of the evidence that the injury was caused by the plaintiff's alighting from the car after it had started and without notifying the conductor of her intention, a verdict for the plaintiff cannot be sustained.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff, *Jeremiah A. Kiernan.*

For the defendant, *Frank Bergen.*

PER CURIAM.

A new trial is sought mainly upon the ground that the verdict is against the clear weight of the evidence. Plaintiff testified as follows:

"*Q.* When the car stopped at Chestnut street, what did you do?

"*A.* I went to go out and I had one foot on the step to go down, and before I had the other foot on the conductor pulled the bell and the—I went on the street; before I had the other foot on the step—the right foot was not on the step when he pulled the bell, and I went on the street."

The step mentioned was the running-board. Two boys, aged eleven and fourteen years, respectively, who were upon the street at the time, were called to corroborate her. Their testimony will be referred to later. To meet the plaintiff's case three passengers, who occupied the next seat in the rear of plaintiff, testified, in substance, that the car stopped and some passengers in the rear got off; that just as the car started to move again the plaintiff turned to one of their party and asked if this was Chestnut street, Roselle, and, being answered in the affirmative, she, without notifying the conductor, stepped off the car and fell. Another witness testified that he and two ladies, who were his guests, from a distance, alighted from this car after it had stopped, and that then the car started on, and had only just started when he saw the car moving and the plaintiff stepping off, and then saw her down in the street at the side of the car. He further testified that there was plenty of opportunity to get off the car while it stopped. The conductor's testimony was to the like effect as that of these four disinterested witnesses. The plaintiff herself admitted, on cross-examination, that when the car had gotten to Chestnut street she did ask the girls behind her if that was Chestnut street. She was not asked to explain whether, as she was stepping her foot upon the running-board, she had hold of the car, and whether she had released her hold when the car started. She was not recalled for rebuttal and there was a singular absence of detail in her account of the accident. The same may be said of the testimony of the two boys called in her behalf. The testimony of one was that he saw the woman get hurt, and then as follows:

"*Q.* What did the car do when it came there?

"*A.* Stopped, and Mrs. Lee went to get off and it was standing still when she went to get off, and as soon as she got on the foot-board the car started and she fell."

The second boy testified to the stopping of the car and to the plaintiff getting down, from where she was sitting, on the running-board, and then as follows:

"*Q.* What happened then—while she was on the running-board?

"*A. The car started up and she went to get off* and the motion of the car made her fall."

The fair inference from this answer would seem to be that the plaintiff "went to get off" after the car started.

We think the verdict is against the clear weight of the evidence. The rule to show cause will be made absolute and a new trial granted.