KOUES v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. CARRIERS—STREET RAILWAYS—INJURY TO PASSENGER—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a street railroad for injuries to a passenger, evidence of plaintiff that the car came to a stop and she proceeded to alight, but before she could step firmly on the ground the car gave a jerk and she was thrown, was sufficient to make a case for the jury.

2. SAME—WEIGHT OF EVIDENCE.

In an action against a street railway for injuries to a passenger sustained in alighting from the car, evidence considered, and *held* that a verdict for plaintiff based on her testimony alone was against the clear weight of the evidence.

Appeal from Trial Term, New York County.

Action by Louise W. Koues against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward D. O'Brien, for appellant.
David Welch, for respondent.

PER CURIAM. This action was brought to recover damages for personal injuries claimed to have been sustained by the plaintiff on July 9, 1899, in alighting from a south-bound car of the defendant on Eighth avenue, at the corner of Forty-Second street. Plaintiff boarded the car at Eighty-Ninth street for transportation to Forty-Fourth street, in which street she resided. Inadvertently she passed Forty-Fourth street, and did not realize her mistake until the car stopped on the north side of Forty-Second street. She testified that after the car started up to cross the street she arose in her seat and motioned to the conductor just before the car reached the south side. The car came to a stop there, and the plaintiff "proceeded to alight, took hold of the support of the car with my left hand, and put my right foot down on the step, in process of alighting, and followed that with my left foot, and then another step with the right foot to the ground, and before I could get the right foot to the ground, and before I could get the left foot— before I could really step firmly on the ground and let go of the support of which I had hold, the car gave a jerk, and I was thrown." The plaintiff was the only witness who testified in her behalf as to the circumstances connected with the accident. The evidence which she gave was sufficient to charge the defendant with negligence and to relieve her from contributory negligence. A case was therefore made requiring its submission to the jury.

We are of opinion, however, that the testimony given by the defendant so far preponderated in its favor as to call for the setting aside of the verdict and the judgment entered thereon, as being against the clear weight of the testimony. Martin J. Kiernan, the motorman, was called, and testified that, while he did not see the accident, he heard a scream; that when he heard it he had not stopped, but came to a stop immediately after. Charles Kalmo, a passenger upon the car, testified that, when the plaintiff attempted to alight, the car was going very slow, just about to stop, and that the plaintiff stepped off backwards; that the conductor "hollered, 'Wait until the car stops.' But she paid no heed, but stepped off backward and stepped down, and the car stopped right away from where she sat down." Catherine Esler, a passenger, testified that she saw the plaintiff arise in her seat as the car was crossing Forty-Second street; that she heard the conductor call to her to wait. "She didn't wait until the car got to the further corner, you know; she got off. I don't know how she got off. The car was in motion when she got off. I don't know which way she was facing. * * * As to how far the car went after she had fallen from the car, it went a short dis-

tance only; moved scarcely." William J. Finnan, a police officer, testified that he saw the plaintiff after she was removed, from the place where she fell, to Eighth avenue. "I asked her how she came to be hurt. She said she told the conductor to stop at Forty-Fourth street. She thought the car had stopped when she got to Forty-Second street. She stated that she thought the car had come to a stop, and that she fell while it was in motion." Cornelius Brosnahan, a car inspector of the defendant, testified that he overheard a conversation between the plaintiff and the police officer. "I heard her state in response to a question of the police officer, as to how the accident happened, that she fell from a moving car, and that she was entirely to blame." Henry M. Davidson testified that he was in the employment of the defendant at the time of the accident as a switchman, and was a passenger upon the car at the time of the accident. He assisted in carrying the plaintiff home. His version of the accident is as follows:

"As I was riding south on an Eighth avenue car at Forty-Second street, the car had come to a stop on the north-bound side, and received two bells from the conductor to go ahead, and just before it stopped on the south-bound side of the crossing I heard the conductor shout, 'Wait until the car stops, madam,' and I was interested at the time in a paper, and I looked up and saw this lady about to alight from the running board to the street. * * * After she had fallen from the car it went, before it came to a standstill, I should judge about 4 feet. * * * At the time she fell, the car had not been brought to a full stop yet."

Dr. Sanfers, a physician who attended upon the plaintiff, testified when she was brought home that she stated to him that she fell from a moving car. The conductor was not called as a witness, but his absence was explained by showing that he was in the Philippines.

We think the verdict of the jury, based upon the testimony of plaintiff, was against the clear weight of the evidence. The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.