ELEANOR RICE, Appellee, v. THE CITY OF COUNCIL BLUFFS, IOWA, Appellant.

**Damages:** PAIN AND SUFFERING: INSTRUCTIONS.   In actions for personal injuries, pain and suffering for which compensation is allowed are not confined to physical aches, but include mental anguish, the sense of loss and burden, and the inconvenience and embarrassment resulting from the injury.   The evidence is considered and held. to support the court's instruction.

**Verdict:** PASSION.   The assessment of damages for personal injury is peculiarly for the jury, and unless so excessive as to indicate passion or prejudice, the court will not interfere.

*Appeal from Pottawattamie District Court.*— HON. N. W. MACY, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION to recover damages for personal injury.   Judgment for plaintiff and defendant appeals.—*Affirmed.*

*S. B. Snyder* for appellant.

*Mayne & Hazelton* for appellee.

Weaver, J.—The case made by plaintiff is substantially as follows: The defendant city had caused Third street, between Story street and Fifth avenue, to be graded down in part, making a cut some three or four feet deep near the middle of the driveway, and left the same without barricade or guard. In the darkness of evening the plaintiff, a lady of seventy-one years of age, in company with one or two other persons, was driving through the city, and, having no notice of the grading, undertook to pass along this part of Third street, with the result that her horse and carriage fell into the cut. In the fall plaintiff was injured, and this action is brought to recover damages on the theory that the accident was the result of the city's negligence in the care of the street. Upon the trial below there was a verdict in plaintiff's favor for $2,000, and from the judgment entered thereon the city appeals.

But two propositions are argued by appellant.

I. The court, among other things charged the jury as follows:

(2) If, under the evidence and the rules before given, you find the plaintiff is entitled to recover, she should be allowed such sum, not exceeding the amount claimed, as will compensate her for the pain and inconvenience of body and anguish of mind which she has suffered on account of the injury, if any, sustained by her; and, if the injury be permanent, or if the plaintiff still suffers therefrom, and it is reasonably certain she will in the future so suffer, she should be allowed such sum as will compensate her for whatever pain and inconvenience of body and anguish of mind, if any, which it is reasonably certain from the evidence that she will be subjected to in the future. You should indulge in no speculation, and the amount of damages, if any are allowed, for the pain and inconvenience of body and the anguish of mind must be based upon the evidence, with respect to what, if any, suffering the plaintiff has endured or will endure. The amount to be allowed as such damages is not a matter to be shown in evidence, but is left very largely to your sound discretion, when guided by the testimony. If you find in favor of the plaintiff, then she should be allowed such sum

as the evidence shows she, has expended or become liable for for medical attendance, on account of the injuries, if any, she received by the accident complained of.

The appellant excepts to that part of said charge which allows the jury to consider the element of future pain and suffering in estimating the plaintiff's damages.   It is said in support of this objection that there is no evidence whatever tending to show that such pain and suffering were likely to result from the injuries complained of.   A brief reference to the record, as shown by the abstracts, will demonstrate the unsoundness of this position.   The witness, Dr. Rice, speaking of the injury to plaintiff's shoulder, says: " The shoulder is quite tender to pressure.   She don't like to have any one on that side of her.   The motion of the forearm is good, but she cannot raise her arm to her head.   It is usual in cases of this kind for the patient to have a permanent injury. They never fully recover.   The shoulder may be rheumatic; at least that is the tendency.   She has that condition now. She suffers more or less pain in cloudy weather.   The injury will probably never be much better than it is now.   She will not be apt to get free motion."   Another medical witness — Dr. Macrae — who treated plaintiff for her injuries, says: " She can use the arm below the shoulder, but the difficulty is to raise it above horizontal.   My judgment is she will never be able to do that.   There was a particular nerve ruptured, and the result is she cannot raise her arm above horizontal." The plaintiff herself says:   " At this time I cannot raise my arm to my head without the assistance of the other hand.   In brushing my hair I have to have assistance.   My general health since the accident is good.   The accident was a shock to my nerves.   I do not think my arm has gained any.   I can use my hand, wrist, and elbow.   There is some stiffness at the shoulder, which interferes when I go to raise my arm. I don't expect it will ever get stronger.   It does not especially give me pain.   It gets tired."   This evidence, in connection

1. DAMAGES: pain and suffering; instructions.

with other circumstances of the case as developed on the trial, justified the instruction given. The pain and suffering for which the law allows compensation are not confined to mere physical aches. It includes as well the mental anguish, the sense of loss and burden, the inconvenience and embarrassment which the person who is materially crippled or disabled in body or limb can never escape. The plaintiff, as we have seen, is left with a shoulder which is painfully sensitive to the touch, and a hand which cannot be lifted to her head; and while it is possible these effects of her injury may finally disappear, it is reasonably certain they will continue for a considerable period in the future should her life be prolonged. It was right that the jury should take these facts into consideration. The instruction carefully guards the rights of the city, and properly cautions the jury to confine itself to the evidence given upon the trial without indulgence in mere speculation, and the assignment of error thereon cannot be sustained.

II. The next point submitted by the appellant is that the damages allowed are excessive. The assessment of damages on account of personal injury is peculiarly a matter for 2. Verdict: passion. the determination of the jury, and, unless the amount returned is so excessive, so disproportionate to the injury received, as to clearly indicate the influence of passion or prejudice, the court cannot properly set aside the verdict. We are satisfied that the record before us does not present a case calling for our interference. The evidence tends to show that plaintiff sustained a dislocation of the shoulder and fracture of her arm, with injury to certain nerves causing an apparent permanent loss of power to lift the hand above the level of the shoulder. She also received other minor bruises upon her person. She was confined to her bed some five or six weeks, suffering much pain, and incurred a doctor's bill of $75. Under this state of facts we cannot say that a verdict of $2,000 is so clearly excessive that

we should set aside the verdict as the product of prejudice and passion.

The judgment of the district court is AFFIRMED.