[No. 7644.   Decided April 13, 1909.]

ERASMUS M. KING, *Appellant*, v. THE CITY OF SPOKANE,
*Respondent*.[1]

MUNICIPAL CORPORATIONS—CLAIMS FOR INJURIES—NOTICE—SUFFI-
CIENCY.  A notice of a claim against a city, required to be given
within thirty days after the accident, filed in January, 1905, and
stating that the accident occurred December 27, 1905, shows with
reasonable certainty that December 27, 1904, was intended, and is
sufficient.

SAME—REJECTION OF CLAIM—REASONS.  The reasons of the city
council for rejecting a claim against the city, misdated by mistake,
are immaterial.

Appeal from a judgment of the superior court for Spokane
county, Sullivan, J., entered November 16, 1907, upon grant-
ing a nonsuit, after a trial before the court and a jury, dis-
missing an action against a city for personal injuries sus-
tained through obstructions in a street.   Reversed.

*A. E. Barnes* and *Horace Kimball*, for appellant.

*L. R. Hamblen*, *F. D. Allen*, and *Harry A. Rhodes*, for re-
spondent.

FULLERTON, J.—The appellant brought this action against
the respondent to recover damages for personal injuries,
caused, as he alleges, by the negligence of the respondent.
He was nonsuited in the court below because of a misstate-
ment in his claim for damages, filed with the city council,
and appeals from the judgment entered against him.

The charter of the city of Spokane provides that all claims
for damages for personal injuries alleged to have been sus-
tained by reason of the negligence of the city must be pre-
sented to the city council within one month after such in-
juries have been received; that such claim shall be in writing,
and shall state the time when, and the place where, such in-

[1]Reported in 100 Pac. 997.

juries were received, and the cause, nature and extent of the same, and must be verified by the claimant to be true;

"And the refusal or omission to present such claim and give notice as required, in the manner and within the time in this section required, shall be taken to and shall be, a waiver of any and all damages on account of such injuries, and shall be a bar to any suit or action against the city to recover the same or any part thereof."

The appellant was injured on a public street in the city of Spokane. During the month of December, 1904, the city was constructing a public library, and had piled, or permitted to be piled, certain building materials, consisting of sand and gravel, on the street in front of the lot on which the building was being constructed. On the night of the injury, the material was left without being guarded by lights or barriers of any kind, and the appellant drove upon it with on open buggy, and was thrown out and injured. The accident occurred, according to his statement, on December 27, 1904. He filed a claim for damages with the city council of the city of Spokane on January 25, 1905. The claim, while seemingly regular in other respects, stated the time of the injury as December 27, 1905. After receiving the claim, the city council referred it to its finance committee, who in return referred it to the corporation counsel. That officer on July 26, 1905, returned it to the finance committee with the recommendation that the claim be disallowed, his report being as follows:

"Spokane, Washington, July 26, 1905.

"The Honorable Finance Committee of the City Council, Spokane, Washington. Gentlemen: I return herewith the claim of E. M. King for $10,000 for alleged damages for alleged personal injuries alleged to have been received on December 27, 1905, with the recommendation that the same be disallowed. Alex M. Winston, Assistant Corporation Counsel."

The finance committee returned the claim to the city council on August 7, 1905, with the following recommendation:

"Spokane, Washington, August 7, 1905.

"Honorable President and Members City Council.  Gentlemen: We, your Committee upon Finance, recommend that the claim of E. M. King for $10,000 for alleged personal injuries alleged to have been sustained on December 27, 1905, near the Carnegie Library Building, on the southwest corner of First avenue and Cedar street, be disallowed, in accordance with the recommendation of the Corporation Counsel. Respectfully submitted, J. T. Snyder, Leonard Funk, Fred E. Baldwin, N. S. Pratt, Committee."

The claim was disallowed by the council on August 8, 1905, the record made then being as follows:

"13,609.  Also the report recommending that the claim of E. M. King for $10,000 for alleged personal injury alleged to have been sustained on December 27, 1905, near the Carnegie Library Building on the northwest corner of First avenue and Cedar street, be disallowed, in accordance with the recommendation of the Corporation Counsel, was adopted."

On the trial, which was being had before the court and a jury, the appellant introduced evidence tending to show the manner and circumstance of his injury, fixing the time as December 27, 1904.  He then offered the claim he presented to the city council.  This was objected to for the reason that it did not correctly state the time of the injury.  The court overruled the objection tentatively, giving counsel an opportunity to show that the claim was not rejected for the reason that it was misdated.  Counsel thereupon offered the report of the corporation counsel, the report of the finance committee, and the record entry of the city council. showing the rejection of the claim.  On the objection being renewed, it was sustained on the ground that the record showed that the claim was rejected because misdated, and not upon its merits as a claim against the city.  The appellant thereupon offered to show, by the assistant corporation counsel and the chairman of the finance committee, that the claim was not in fact rejected because misdated, but because the corporation counsel and the finance committee did not think the claim meri-

torious.   This offer was refused, whereupon the appellant, having no other evidence to show that his claim had been presented to the city council, rested his case, when a judgment of nonsuit was entered against him as before stated.

The appellant assigns as error the refusal of the court to allow the claim of damages filed with the city council to be given in evidence to the jury.   The assignment we think is well taken.   Unlike a notice giving a false possible date, this notice could neither mislead nor deceive.   Measured from the time the claim was presented to the city council, it described the accident for which damages were claimed as having occurred eleven months in the future.   A past event was stated to have occurred at a future time.   When the council examined it, therefore, they knew there was a mistake either in the statement of the month and day of the month, or the year in which the accident happened.   And when they remembered that a claim for damages to hold the city liable thereon had to be filed within a month after the accident happened, and that this claim was filed on January 25, 1905, they knew with reasonable certainty that the mistake was in the statement of the year, and that it was meant to be asserted that the accident happened on December 27, 1904.   The council, therefore, could know with reasonable certainty that the latter was the date intended, and reasonable certainty is all that is required in the notice.   The primary purpose of requirements of this character in a city charter is notice.   It is not intended as a snare for the unwary, and this court has uniformly denied it this effect.   *Davis v. Seattle*, 37 Wash. 223, 79 Pac. 784; *Bell v. Spokane*, 30 Wash. 508, 71 Pac. 31; *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386.

From the recitals we have made, taken from the record, it cannot be said to clearly appear that the claim was rejected because misdated, but if this were so it would not alter the rule in the present case.   Since the claim was one the council were obligated to notice, their reasons for rejecting it are not

material.   The conclusion we have reached renders it un-
necessary to discuss other questions suggested in the appel-
lant's brief.

The judgment appealed from is reversed, and a new trial
granted.

CHADWICK, CROW, MOUNT, GOSE, PARKER, DUNBAR, and
MORRIS, JJ., concur.