## MUSKOGEE ELECTRIC TRACTION CO. v. MUELLER.

No. 2922.   Opinion Filed July 22, 1913.

(134 Pac. 51.)

1.    APPEAL AND ERROR—Review—Sufficiency of Evidence. Where the verdict is reasonably supported by the evidence, the judgment will not be disturbed on appeal.

2.    DAMAGES—Personal Injuries.   Where the evidence showed that plaintiff, a woman 55 years old, sustained a fracture in the region of the shoulder, from which she suffered great pain, and that at the time of the trial, five months after the injury, she was unable to lift her arm above her head, and there was a conflict in the evidence as to whether or not her injury was permanent, a judgment for $1,500 will not be reversed because excessive.

3.    SAME—Instructions.   It is not error to instruct the jury, in an action for damages for personal injuries, that it is for them to say, ''in the exercise of a sound discretion, from all the facts

in the case, after considering and weighing all the facts in the case, without fear and without favor, and without passion and without prejudice, what amount of money will reasonably compensate'' plaintiff for her injury.

4.  **SAME.** It is not error to instruct the jury, in an action for damages for personal injuries, that ''it is not necessary that any witness should have expressed an opinion as to the amount of such damage, but the jury may themselves make such estimate from the facts and circumstances in proof.''

(Syllabus by Rosser, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Lizzie Mueller against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*N. A. Gibson, H. C. Thurman,* and *T. L. Gibson,* for plaintiff in error.

*John Watkins* and *W. W. Noffsinger,* for defendant in error.

Opinion by ROSSER, C. This was an action by Lizzie Mueller against the Muskogee Electric Traction Company, to recover damages for personal injuries. There was a conflict in the testimony as to how she was injured. She testified that the car stopped, and that she caught hold of the rail or post on the back end of the car to board the car; that as she did so the car started with a jerk, and threw her in a mud hole, injuring her shoulder. She was corroborated, to some extent, as to the manner in which she received her injury, by her daughter, who was with her. The evidence upon the part of the defendant was to the effect that she ran to meet the car, signaling for it to stop, and that she got too close to the car before it stopped, and was struck by the front end. There was also testimony to the effect that she stated, immediately after the accident, that her foot slipped as she went to cross a mud hole, thus causing her to strike the car. Just about the time she was struck her grandson, a small child, got on the back of the car, and stated that his grandmother was hurt.

The first specification of error is that the judgment and verdict are contrary to the evidence and to the law. The evidence was substantially as stated. In the number of witnesses the evidence preponderated in favor of the defendant, but it was not so conclusive in its favor as to justify a reversal of the case. There were some circumstances in the case, aside from direct testimony of the plaintiff and her daughter, to support her theory. In the first place the defendant's theory that she ran or fell in front of the car is unreasonable, though, of course, it might have happened in that way. That the fact that her small grandson boarded the car exactly at the time she was struck would be, at least, a slight circumstance tending to show that she was also endeavoring to board the car, rather than that she ran in front of it. She and her daughter were in a better position to see exactly how it occurred than any other witnesses, with the possible exception of the motorman; and, under all the evidence, it cannot be said that the verdict was not supported by the testimony.

It is urged that the witnesses for the defendant must have related the incident as it occurred, or that they were guilty of perjury. As stated before, from the evidence it does not appear that their means of seeing were as good as the plaintiff and her daughter. But, at any rate, the same argument can be made in favor of the plaintiff's testimony. If the circumstances were not as she related them, then she was guilty of perjury, and it was a question, after all, for the jury to decide which of the witnesses had told the truth. The case of *Koues v. Metropolitan Street Ry. Co.,* 86 App. Div. 611, 83 N. Y. Supp. 380, which the defendant in its brief "entreats" the court to read, has been carefully examined. In that case the plaintiff was entirely uncorroborated, and was to a certain extent contradicted, by witnesses which she herself called. Neither was the evidence as well balanced in the case of *Lee v. Elizabeth P. & C. R. Co.,* 69 N. J. Law, 607, 55 Atl. 106, as in this case.

It is not necessary to again cite the numerous cases of this court, holding that where a verdict is reasonably supported by the evidence, the case will not be reversed on appeal.

The third and fourth specifications of error are that the verdict is excessive, and that the jury were actuated by passion and prejudice in finding the amount. The evidence showed that the plaintiff was a woman about 55 or 56 years old, and that she sustained a fracture of the acromial process. It appears that the acromial process is a point in the region of the shoulder, about where the arm joins or fits in the shoulder blade. Expert witnesses on the part of the plaintiff testified that her injuries were permanent, and that she would not be able to lift her hand higher than her shoulder. The physician for the company testified that she would entirely recover, but admitted that at the time of the trial, some five months after the injury, she had not entirely recovered. She was treated by the company physician, and he testified that the acromial process was fractured. She suffered considerable pain from her injuries. The verdict was for $1,500. It cannot be said that, as a matter of law, $1,500 is an excessive recovery for an injury to the shoulder or arm, which, if not permanent, is at least painful and long-continued.

Defendant also assigns as error the giving of the following instruction:

"The court instructs you that if you find that the plaintiff is entitled to recover in this action, the amount of the recovery is for you to determine from all the facts in the case. Of course, you cannot measure in dollars and cents the exact amount she is entitled to, but it is for you to say, in the exercise of a sound discretion, from all the facts in the case, after considering and weighing all the facts in the case, without fear and without favor, and without passion and without prejudice, what amount of money will reasonably compensate her for the damage and injury she has suffered. If you find for the plaintiff in this case under the instructions given by the court, and that the plaintiff has sustained damages as set forth in her petition, then to enable the jury to estimate the amount of damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damage, but the jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation, and experience in business affairs of life. If you find for the plaintiff, then, in assessing plaintiff's damages, if any damages alleged in her petition are proven, you have a right to take into

consideration the nature, extent, and character of the injury sustained by her so far as the same is shown by the evidence, if any such are shown, pain and suffering undergone by her in consequence of such injury, if any such is shown by the evidence, and assess her damages at such sum as in your judgment will compensate the plaintiff for such injury, pain, and suffering."

It is urged that this instruction is error, because it leaves it to the discretion of the jury as to the amount of damages they might assess. But there is no fixed rule by which the damages in such cases can be computed. There is no exact measure for the jury to apply. Then why was it not left to their sound discretion, under the evidence in the case? In the case of *Bell v. Spokane,* 30 Wash. 508, 71 Pac. 31, while the exact objection urged here was not urged against the instruction, an instruction almost exactly the same as the one complained of here was approved. See, also, *Rice v. Council Bluffs,* 124 Iowa, 639, 100 N. W. 506. The instruction limited the jury to damages that were justified from the facts of the case, and to such damages as would reasonably compensate her. It did not permit a verdict based merely on speculation.

Defendant also complains of instruction No. 8, as follows:

"The court instructs you that if you find for the plaintiff upon the issues herein joined under the instructions of the court, then to enable the jury to estimate the amount of damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damage, but the jury may themselves make such estimate from the facts and circumstances in proof."

This instruction permitted the jury to assess the damages from the facts and circumstances in proof. That they had a right to do. An instruction very similar was approved in *Norton v. Volzke,* 158 Ill. 402, 41 N. E. 1085, 49 Am. St. Rep. 167; *North Chicago Street Ry. Co. v. Fitzgibbons,* 180 Ill. 466, 54 N. E. 483; *Richardson v. Nelson,* 221 Ill. 254, 77 N. E. 583.

There is no material error in the record, and the judgment should be affirmed.

By the Court: It is so ordered.