ORDER OF AZTECS v. NOBLE.    (No. 5435.)

(Court of Civil Appeals of Texas. Austin. Jan. 27, 1915. Rehearing Denied March 3, 1915.)

1. JUDGMENT ☞162— JUDGMENT BY DEFAULT —PROOF.

A default judgment, reciting proof of the matters alleged in plaintiff's petition, without any record showing that it was rendered without proof thereof, will not be set aside as rendered without proof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 319–322; Dec. Dig. ☞162.]

2. PLEADING ☞301 — VERIFICATION — SUFFICIENCY OF AFFIDAVIT—JURAT.

Under Acts 33d Leg. c. 127 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1827–1829b, 1902), requiring plaintiff to verify his pleadings, and Rev. St. 1911, art. 12, requiring all affidavits to be in writing, signed by the party making them, the certificate of the officer administering the oath to plaintiff's sworn petition stating that it was done on the —— day of ——, 1914, was sufficient, since it is not necessary that an affidavit be dated, and the "jurat" is not an essential part of the complaint, but is only prima facie evidence that the statements therein were sworn to by affiant before duly authorized officers as certified.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 314, 318, 892–897, 904–906; Dec. Dig. ☞301.]

3. APPEAL AND ERROR ☞1170—EXCEPTION— DEFECT IN PLEADING.

Under Acts 33d Leg. c. 127 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1829b), amending Rev. St. 1911, art. 1829b, to provide that, if the petition has no certificate of affirmation attached, it may nevertheless be considered by the court as if it had, unless the opposing party specially excepts to it on that ground, whereupon the court shall allow the party to add a certificate if he desires, the failure to verify a petition could not be the basis of a valid objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ☞1170.]

4. JUDGMENT ☞143—JUDGMENT BY DEFAULT —SETTING ASIDE.

To justify the court in setting aside a judgment by default, the defendant's motion therefor must negative the want of diligence on his part, and show that he had a good defense to plaintiff's demand.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. ☞143.]

5. CONTRACTS ☞319—PART PERFORMANCE— RECOVERY.

Plaintiff, after part performance of his contract, and after breach by defendant, without his consent, might recover the actual amount earned thereunder and damages as for its breach.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. ☞319.]

Appeal from Milam County Court; John Watson, Judge.

Action by W. S. Noble against the Order of Aztecs. Judgment by default for plaintiff, and from the overruling of its motion to set aside the judgment, defendant appeals. Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ernest A. Landman, of Athens, and Theodore Mack, of Ft. Worth, for appellant. Wallace & Moore, of Cameron, for appellee.

RICE, J. This suit was brought by appellee against appellant, alleging that on the 9th of September, 1913, he had been employed by it to solicit insurance for it, which contract expired on January 1, 1914, and by which it contracted to pay him 60 per cent. of the first 12 monthly assessments of all members secured. He further alleged that in pursuance of said contract of employment he began working for appellant, and continued to do so until about the 1st of November, during which period he devoted his entire time to such employment, expended large sums in advertising said order, and incurred other necessary expense, amounting in the aggregate to $60; that as a result of said effort he secured members who took out policies therein, naming them, the commissions for which amounted in the aggregate to the sum of $213.48. He further alleged that by reason of said advertisement and the work that he had done for appellant, in addition to such business obtained, he had reasonable expectation of acquiring other business during the term of his contract, and that the amount of such new business would aggregate the sum of $250, but that appellant, on the 1st of November thereafter, without cause, terminated appellee's contract without his consent, thereby breaching the same, whereby he was damaged in the sum of the reasonable commissions that he would have earned before the expiration of said contract, to wit, $250, and prayed for judgment in his total damage in the sum of $523.48.

Although duly cited to appear and answer, appellant failed to do so, and judgment was, on the 13th of April, 1914, taken by default against it for the sum of $273.48, with interest and costs of suit. Thereafter, on the 19th of April, 1914, appellant filed its first motion to set aside said judgment, which was overruled, and on the 24th of April filed its second motion for new trial, which was likewise overruled, and from which judgment it prosecutes this appeal.

[1] It is urged by the first assignment that the judgment was rendered without proof of the matters alleged in plaintiff's petition. The judgment, however, recites the contrary, and there is nothing in the record to support appellant's contention in this respect, for which reason this assignment is overruled.

The second assignment challenges the sufficiency of the petition to support the judgment. We think the petition is good as against a general demurrer. It clearly states a cause of action. This assignment is therefore overruled.

[2] The petition in this case was duly signed and sworn to by appellee, but the jurat of the officer administering the oath states that this was done on the ―――― day of ――――, 1914. Appellant assigns this as er-

ror. By the act of the Thirty-Third Legislature (General Laws, p. 256 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 1827–1829b, 1902]) plaintiff is required to verify his pleadings. This we think in the present case was in fact done, as appears from the certificate of the officer. Sayles' Civil Statutes 1911, art. 12, tit. 2, states that "all affidavits shall be in writing, and signed by the party making same." This affidavit conforms thereto. It is not necessary that an affidavit should be dated. 2 Cyc. p. 22, D; Freas v. Jones, 15 N. J. Law, 20; Bell v. City of Spokane, 30 Wash. 508, 71 Pac. 31, 32. So it appears that the affidavit itself is sufficient and conforms to the statute; but the principal objection seems to be that the jurat is not complete, in that it is not dated. The jurat is not an essential part of the complaint. It has been held in some cases that the jurat is essential, but the generally accepted doctrine seems to be that it is not such an essential part of the affidavit proper that its omission will render the affidavit a nullity, but is only prima facie evidence that the statements therein were sworn to by the affiant, as certified; and it may be shown otherwise that the affidavit was in fact sworn to at the proper time and before the proper officer. 2 Cyc. pp. 26, 27. Little formality is required, as its only office is to show that the affiant took the oath before the duly authorized officer. 2 Cyc. 27. With reference to the date in jurats, it is stated that under the English practice the jurat must give the date on which the oath was administered, but in a New York case it was held that the omission of the date was not fatal, where it was shown, on objection raised, that the oath was taken in due season. 2 Cyc. 29.

[3] We hold that the petition was duly verified; but in the present case, even if we are in error as to this, no exception was taken to the petition on this account, because judgment was rendered by default. The statute referred to, in amending article 1829b, provides that if the petition or answer has not a certificate of affirmation attached thereto that the same shall nevertheless be considered by the court as though it had same, unless the opposing party specially excepts to the same upon that ground, whereupon it shall be the duty of the court to allow the party to add a certificate of affirmation to his pleading, if he so desires. So, in the instant case, as in the nature of things no exception was or could have been taken, the failure to verify the petition could not be made the basis of a valid objection, for which reason we overrule the third assignment.

[4] While appellant did appear at the same term of court and move to set aside the judgment, still we think the reasons urged by it for this purpose do not sufficiently negative the want of diligence on its part, nor does it sufficiently appear that appellant had a good defense to appellee's demand, both of which facts must be clearly shown in order

to justify the court in setting aside the judgment by default. See Delaware Ins. Co. v. Hutto, 159 S. W. 73.

[5] We do not think any fundamental error is apparent of record, as suggested by counsel for appellant. It is true the petition declares on a written contract; but it is clearly shown by the allegations thereof that, after a part performance of the contract by appellee, appellant, without his consent, breached the same, and the suit is brought as well to recover the actual amount earned thereunder as for damages for its breach, which we think appellee was entitled to recover, if the proof supported the allegations of the petition. The judgment is not for the entire amount claimed, as asserted, but only for a portion thereof, and it recites that it was rendered upon evidence duly submitted. We therefore overrule this contention.

We do not think this is such a case as would entitle appellee to the 10 per cent. penalty for delay. We therefore overrule his request in this respect, and affirm the judgment of the trial court.

Judgment affirmed.