S. T. BUTNER VS. THE WESTERN UNION TELEGRAPH COMPANY.

1. An act of the territorial legislature which regulates the order of receipt and transmission of telegraphic messages, and prescribes a

penalty for its violation, but which does not attempt to regulate the delivery of messages outside the territory, or of messages sent from without the territory, is not in conflict with the constitutional pro vision giving to congress the right to regulate commerce between the states and territories.

2. Paragraph 543, of the Oklahoma Statutes of 1890, imposing a penalty of fifty dollars upon carriers of messages for certain breaches of duty, does not apply to a failure to deliver a message, but only applies to the failure to receive or transmit messages in the order presented. It is a penal statute and must be strictly construed.

3. The sendee of a telegraphic message can not maintain an action against a telegraph company for neglect, delay or non-delivery of a message in the absence of a showing that it was sent by his agent or was sent for his benefit, and that the carrier had actual or constructive notice that it was so sent for the benefit of the sendee

4. The terms, "carelessly, wrongfully and negligently, failed and neglected" to deliver a message, used in a complaint, import ordinary and simple negligence, and nothing more.

5. Damages for mental pain and suffering alone, occasioned by the negligence of a telegraph company in failing to deliver a message announcing the death of a relative, can not be recovered.

*Error from Logan County.*

*J. A. Baker* and *Allen Carruthers* for plaintiff in error.

*Asp, Shartel & Cottingham* for defendant in error.

The opinion was delivered by

BURFORD, J.:   The plaintiff in error filed his complaint in the district court of Logan county against the defendant in error to recover damages for delay in the delivery of a telegram.

The complaint alleges, in substance, that the plaintiff is a resident of Logan county, Oklahoma, and that the defendant was, on the 1st day of January, 1893, a corporation, duly organized under the laws of the state of New York, for the transmission of messages by wire for reward, and owned and operated a telegraph line from Mulvane, in the state of Kansas, to Guthrie, in Oklahoma Territory, and was, at said time, a common

carrier of messages for reward between said last named places.

That on said date defendant received a message at Mulvane, Kansas, for transmission to plaintiff, and received the usual charges thereon; that said message was from plaintiff's son-in-law, John Payne, and announced the death of plaintiff's daughter, and is of the following tenor:

"MULVANE, Kan., Jan. 1, 1893.

"*To S. T. Butner*, Deputy Sheriff,

" Care of Hixon, Sheriff, Logan Co.

"Bertie died this morning, ten o'clock.    Come at once.    Answer.                    "JOHN PAYNE."

It is further alleged that defendant negligently, carelessly and wrongfully, and without fault of plaintiff, failed to deliver said telegram to plaintiff, or the person in whose care it was addressed, for a period of forty-eight hours after the transmission of said message to Guthrie, O. T.; that by reason of the said careless and negligent conduct of defendant, plaintiff was not informed of the death of his daughter until two days after her said death.

That after receiving said message plaintiff was unable to communicate the death of his daughter to his immediate family and the members of his household who were near relatives, and warmly attached to plaintiff's deceased daughter, in time for them to attend her funeral, and they were deprived of attending her funeral.    The plaintiff was unable to make a respectful and proper preparation for attending the funeral of his daughter.

That by reason of such negligence and carelessness upon the part of defendant, plaintiff has suffered great mental pain, distress, humiliation and mortification, to his damage five thousand dollars, for which he prays judgment.

To this complaint the defendant demurred for the reason that the facts alleged were not sufficient to constitute a cause of action.

The district court sustained the demurrer, and plaintiff refusing to plead further, judgment was rendered for defendant for costs, and complaint dismissed.

The ruling of the court, in sustaining the demurrer, is complained of as error.

It appears from the briefs of counsel that there is a contention as to whether this is an action to recover for breach of contract or for a tort. From our view of the case this question is immaterial. The main question to be determined is whether mental pain or anguish, alone, resulting from the negligent non-delivery of a telegram, constitutes an independent basis for damages.

On this question there is a conflict of authority which is irreconcilable. The question is an open one in this territory, and, in establishing a precedent, this court should adopt that rule which best commends itself to reason and justice, and is based on the soundest principles of law and logic.

The English courts have invariably held that mental suffering alone, unaccompanied with any physical or corporal injury, cannot be the basis for the recovery of damages, except in such cases as seduction, false imprisonment, libel, slander, breach of promise of marriage, malicious prosecution, and other tortious wrongs committed with a wilful or malicious intent to do the wrong. In all these instances, unless there exists some corporal injury, the right to recover damages for mental suffering depends upon the element of positive wrong, wilfully or maliciously perpetrated The allegations of the complaint in this case do not

bring it within such rule, as only ordinary negligence is alleged.

*K. P. Ry. Co, vs. Painter*, 14 Kan. 37.

*Gregory vs. R. R. Co.*, 112 Ind. 385.

The American courts seem to have followed the rule of the English courts until the case of *SoRelle vs. Telegraph Co.*, 53 Tx. 308, was decided by the supreme court of Texas in which it was held that damages might be recovered in an action for non-delivery of a telegraphic message similar to the case at bar.

The principle of this case has been followed with some variations by the same court in many cases since that decision, and its reasoning has been substantially adopted by the courts of last resort in the states of Indiana, Kentucky, Tennessee, Alabama and North Carolina.

*R. R. Co. vs. Richardson*, 79 Tex. 649.

*Wadsworth vs. Telegraph Co.*, 86 Tenn. 695, 8 S. W. Rep. 574.

*Telegraph Co. vs. Henderson*, 89 Ala. 510, 7 So. Rep. 419. *Reese vs. Telegraph Co.*, 123 Ind. 394.

*Chapman vs. Telegraph Co.*, 13 S. W. R. 880, (Ky.)

*Young vs. Telegraph Co.*, 107 N. C. 370.

On the other hand the right to recover damages for mental anguish occasioned by the delay or non-delivery of a telegraphic message has been expressly denied, and the doctrine condemned by the highest courts in the states of Georgia, Florida, Mississippi, Missouri, Kansas, Dakota, Wisconsin, Nevada, the United States circuit court of appeals, and by practically the unanimous current of authority in the federal courts.

*Crawson vs W. U. Tel. Co.*, 47 Fed. Rep. 544.

*Chase vs. W. U. Tel. Co.*, 44 Fed. Rep. 554.

*Kester vs. W. U. Tel. Co.*, 55 Fed. Rep. 603.

*Woods vs. W. U. Tel. Co.*, 57 Fed. Rep, 471, (S. C. 6, C. C. A. Rep. 432).

*Tyler vs W. U. Tel. Co.*, 54 Fed. Rep. 634.

*Wilcox vs. R. & D. R. R. Co.*, 52 Fed. Rep. 264, (S. C. 3 C. C. A. 73).

*Russell vs. W. U. Tel. Co.*, 3 Dak. 315, (S. C. 19 N. W. Rep. 438).

*Ry. Commisrs. vs. Coultas*, L. R. 13 App. Cas. 222.

*Lynch vs. Knight*, 9 H. L. 577.

*I. O. Tel. Co. vs. Saunders*, 32 Fla. 434, (S. C. 14, So. Rep. 148).

*Chapman vs. W. U. Tel. Co.*, 88 Ga. 763, (S. C. 15 S. E. Rep. 901).

*West vs. W. U. Tel. Co.*, 39 Kans. 93.

*City of Salina vs. Trosper*, 27 Kas. 544.

*Rogers vs. W. U. Tel. Co.*, 68 Miss. 748, (S. C. 9 So. Rep. 823).

*Wyman vs. Leavitt*, 71 Me. 227.

*Connell vs. W. U. Tel. Co.*, 116 Mo. 34, (S. C. 22 S. W. Rep. 345).

*Johnson vs. Wells Fargo Co.*, 6 Nev, 224.

*Ewing vs. Ry. Co.*, 147 Pa. St. 40.

*Gahan vs. W. U. Tel. Co.*, 59 Fed. Rep. 433.

*Summerfield vs. Tel. Co.*, 57 N. W. Rep. 973, (Wis).

If the authorities holding the affirmative of this proposition presented uniformity of the result obtained, and harmony in the reasoning attempted in support of it, the array would be formidable. Their force, however, is weakened by self-evident disparity of reasoning and conflict of result. Some hold that mental anguish is not a cause of action but is merely a dependent incident to be taken into consideration in addition to pecuniary damages shown; while others assert that it is an independent cause of action, a distinct element of damage. Some hold that negligence sufficient to uphold a recovery must be wilful, others that simple negligence will suffice. Some uphold the recovery on the ground of punishment, others upon the ground of compensation, and some blend both grounds. This conflict exists not only between the courts of the different states, entertaining this view, but in one instance is exhibited in the decisions of a single state. The supreme court of Texas, in the

course of its adjudications upon this subject, has held both the affirmative and the negative of all the propositions above enumerated. Numerous other conflicts exist among the decisions of that court, notably the affirmance and the denial of the rule that the sendee, before he can recover, must identify himself with the contract of transmission.

The Tennessee and Alabama cases are not authority in favor of the plaintiff's position because they refuse to recognize mental pain as an element of damage. They hold it to be an incident, merely, to be taken into consideration in addition to pecuniary loss.

There is a decided weight of authority against the right of the plaintiff in error to recover for mental suffering.

But we are constrained to rely upon principle as well as authority in a case of this kind.

The law of telegraph companies cannot trace its distinctive features into the antiquity of the common law. But the duty of the courts, upon the advent of new conditions, is to assimilate the ancient principles of the common law to the new conditions by the process of reasoning called analogy, applying old principles, governing previously established relations, of a similar character, to the determination of rights arising under the new conditions. If the simple process of inductive reasoning from ancient principles applied to new conditions is inadequate to meet the public conception of expediency and justice, the work of applying new principles to new conditions is a legislative and not a judicial function. Similar conditions produce similar results. Similar facts left to be dealt with by the judiciary ought to produce uniform rules of law applying to all such conditions. In entering upon a discussion of this important question the courts should keep strictly within the line of the judicial path, and not infringe on the province of the

legislative branch of the government. The question should be resolved by a reference to the position which mental pain and anguish has heretofore sustained in remedial law as a basis for damages. Mental anguish, prior to the advent of the doctrine contended for in this case, occupied a well defined position in the law of damages and was not recognized in cases of this character.

It is, however, claimed that the damages in question can be upheld by assimilating them to the damages awarded in cases of physical injury.

That mental anguish and suffering can be taken into consideration in cases of corporal injury is too well settled to be for a moment questioned. If some authorities on this question are to be followed as sound law, it might give some countenance to the contention. This we say with a special reference to the decisions of the courts in attempting to draw their argument from this source. They state the premise broadly in terms which admit all mental suffering resulting from a bodily injury as proper to be considered by the jury in assessing the damages. Such, however, is not the law of any well considered case that we have been able to find dealing specifically with the question before it for decision as to what mental pain and anguish may be lawfully considered by the jury in cases of corporal injuries. All the well considered cases, dealing explicitly with this question, hold that the mental anguish involved in the consideration of the amount of damages to be awarded, is that mental anguish connected with the physical suffering, in short, the mental anguish resulting from the consciousness of physical pain. All independent conceptions of the mind, such as the contemplation of the loss of a goodly appearance, the fear of want, and the like, are to be excluded.

*Chicago vs. McLean*, 133 Ill. 148.

*Kennon vs. Gilmer*, 131 U. S. 22-27,
*Jock vs. Dankwardt*, 85 Ill. 331,
*Clinton vs. Laning.* 61 Mich. 355.
*Trigg vs. St. L. Ry. Co.*, 74 Mo, 147, 153,
*Salina vs. Trosper*, 27 Kan. 544,
*Johnson vs. Wells, Fargo & Co.*, 6 Nev. 244.

It is asserted that mental pain is just as much a proximate result of the wrong in the breach of the contract of transmission of a social telegram, as mental pain is the proximate result of the wrong in cases of corporal injury. That statement is true, but the fallacy of this argument rests in the fact that the law does not take notice of mental anguish in cases of corporal injuries, merely because it is the proximate result of the wrong. It must be something more. It must be identified with physical pain, of which the law of damages does take notice, before it will be considered The sorrowful reflections of an injured person over his changed physical condition is the proximate result of the physical injury, and many other conceptions arise out of a case of this kind, independent of the physical suffering that proximately result from the injury, which the law entirely disregards. The law recognizes the mental anguish which is connected with and a part of the physical pain, not because it is the proximate result of the injury, but because it is so identified with the physical pain that to disregard it would be to disregard the physical suffering itself.

If mental pain were recognized in these cases distinctly and solely as mental pain, it might afford some argument in favor of the plaintiff in this case; but the plaintiff in this case seeks to recover for mental suffering, for impressions of the mind wholly distinct from bodily or material complications. The mental suffering regarded in corparal injury cases is of a wholly different character. It considers mind in its bodily or physical aspect, and disregards it in its purely mental

or spiritual sense.   This distinction destroys the argument.

For the reasons above outlined, we conceive that the infliction of damages for mental anguish fails to have passed the imposed tests and can not be assimilated by the process of analogy to the law obtaining upon any other similar pre-existing relations.

On the other hand, heretofore, and even to the present time, with the single exception of the question of the case at bar, it has been uniformly held that in any case resulting from tort or breach of contract, where no other damage than mental suffering can be shown, there is no cause of action.

3 Sutherland on Damages, 715.
*Trigg vs. Railway Co.*, 74 Mo. 153.
*Wilcox vs. Railway Co.*, 52 Fed. Rep. 267.

In the case of *Telegraph Co. vs. Wood*, 57 Fed. Rep. 471, the United States circuit court of appeals remarks:

"The general rule that mental anguish and suffering, unattended by any injury to the person, resulting from simple actionable negligence, can not be sufficient basis for an action for the recovery of damages, is maintained and supported by an unbroken line of English authorities by the conceded state of the general law prior to the SoRelle case."

In *Masters vs. Warren*, 27 Conn. 293, it is said :

"No case can be found where a person has been allowed to recover damages for a shock, injury or outrage to the feelings and sensibilities, arising and caused by the breach of contract, (except it is a marriage contract.)   Such damages can only enter into and become a part of the recovery when the plaintiff has sustained, by the negligence or wilful act of another, some corporal or personal injury; they never can be recovered independently and alone, and if recoverable at all, only in actions of tort."

The supreme court of Mississippi in the case of *Telegraph Co. vs. Rogers*, 68 Miss. 748, remarks:

"We have given to the investigation of the question that consideration which its importance demands, and, though the right of the plaintiff to recover the damages awarded in this case finds support in the decisions of several of the states, we are unwilling to depart from the long-established and almost universal rule of law that no action lies for the recovery of damages for mere mental suffering, disconnected from physical injury, and not the result of the wilful wrong of the defendant. That such damages are recoverable in actions for breach of contract of marriage is well settled; but it is equally true that until recent years this action stood as the marked and single exception in which such damages were recoverable in actions for breach of contract. This action, though in form one, for the breach of contract partakes in several features, the characteristics of an action for the wilful tort, and though the damages recoverable by the plaintiff for mental suffering, are spoken of as compensatory, the fervent language of the courts indicates how shadowy is the line that separates them from those strictly punitory.    *    *    *

"We are not disposed to depart from what we consider the old and settled principles of law, nor to follow the few courts in which the new rule has been announced. The difficulty of applying any measure of damages for bodily injury is universally recognized and commented on by the courts. But in that class of cases demands for simulated or imaginary injuries are far less likely to be made than will those in suits for mental pain alone. No one but the plaintiff can know whether he really suffered any mental disturbance, and its extent and severity must depend upon his own mental peculiarity. In the nature of things money can neither palliate nor compensate the injury he has sustained. 'Mental pain and anxiety the law cannot value, and does not pretend to redress, when the unlawful act complained of causes that alone.'"

In the case of *Chapman vs. Western Union Tel. Co.*, reported in 15 S. E. Rep. (Ga.) page 901, the supreme court of Georgia forcibly remarked:

"But it is urged that the public occupation of tele-
graph companies creates between them and the public
special relations in which their responsibility is
greater than that of other persons.   So much of their
business and profit is derived from the acceptance of
messages involving feelings only, that at first view,
it would seem legitimate and salutary to require them
to answer in damages for any dereliction of duty in
this important part of their activity.   The argument
is that, in the exercise of a public employment, they
undertake for hire to serve the feelings of their custo-
mers, and, therefore, ought to pay for negligent non-
performance or misperformance of this peculiar func-
tion.   This reasoning is unanswerable so far as it
proves a right of action to arise out of the breach of
duty.   But how about damages, and the measure of
damages?   It can scarcely be that a new and excep-
tionable principle of damages emerges, *ex proprio*
*vigore* from unknown recesses of the law, when
occasion seems to require it, or that the court can do
more than adapt and apply principles already exist-
ing when novel transactions, such as those which
make up the business of telegraphy, become the sub-
ject of adjudication.   Precedents must be followed,
else the law will become a wandering, uncertain
thing.   If our understanding of the law, as hereto-
fore expounded by its credited oracles, be correct, it
would be a judicial innovation to require feelings
which had, even under contract or public duty, the
right to expect help, to be solaced with damages
for the disappointment, however severe, at losing the
promised benefit.   If the subject needs new law, the
law making powers may create it; but we decline to
usurp their prerogative."

In the case of *Wadsworth vs. Western Union Telegraph
Co., supra,* Judge Lurton, dissenting, said:

"The reason why an independent action for such
damages cannot and ought not to be sustained is found
in the remoteness of such damages.   *   *   *   Such
injuries are generally more sentimental than substan-
tial, depending largely upon physical and nervous
condition.   The suffering of one under precisely the
same circumstances would be no test of the suffering

of another. Vague and shadowy, there is no possible standard by which such an injury can be justly compensated, or even approximately measured. Easily simulated and impossible to disprove, it falls within all of the objections to speculative damages, which are universally excluded because of their uncertain character. That damages so imaginary, so metaphysical, so sentimental, shall be ascertained and assessed by a jury with justness, not by way of punishment to the defendant, but as mere compensation to the plaintiff, is not to be expected. That the grief natural to the death of a loved relative shall be separated from the added grief and anguish resulting from delayed information of such mortal illness or death, and compensation given for the latter only, is the task imposed by the law, as determined by the majority. But the rule in question has not been limited, as claimed, to actions based upon physical pain. It has, as we have already seen, upon the authority of Mr. Wood, been applied to actions of slander and libel. No matter how gross the insult, or how harrowing to the feelings, there can be no recovery if the slander did not imply a crime, or result in some special damage. The same rule applies in actions brought for the death of another. The plaintiff must have a pecuniary interest in such life; and in such cases there can be no recovery for the injured feelings, the grief or anguish suffered by the plaintiff in consequence of the death for which the suit lies. This is the rule, regardless of the relation the deceased bore to the plaintiff. Whether husband or wife, or parent or child, the rule is the same. The damages are for the pecuniary loss sustained. * * * The principles upon which this suit is maintained seem to me so radical a departure from the headlands of the law, and to so seriously threaten the uprooting of doctrines that I have been taught to revere as the very foundation stones of the system of our law upon the subject of contracts and damages, as to make it my duty to give expression to my views upon the questions involved."

In our view the departure initiated in Texas and followed by some other states is not supported by sound reasoning and is not in harmony with the well

defined principles of law which the experience of the past have found safe and reliable.

It is insisted by counsel for plaintiff in error that he is entitled to recover the statutory penalty of fifty dollars, provided by the statutes of Oklahoma.

Section 28, chapter 11, Oklahoma Statutes, 1893, p. 152, provides:

"A carrier of messages by telegraph must, if it is practicable, transmit every such message immediately upon its receipt; but if this is not practicable, and several messages accumulate upon his hands, he must transmit them in the following order:

"1. Messages from public agents of the United States or of this territory on public business.

"2. Messages intended in good faith for immediate publication in newspapers and not for any secret use.

"3. Messages giving information relating to the sickness or death of any person.

"4. Other messages in the order in which they were received.

"Sec. 30. Every person whose message is refused or postponed contrary to the provisions of this chapter is entitled to recover from the carrier his actual damages and fifty dollars in addition thereto."

This is a penal statute and must be strictly construed, and before one can recover the penalty therein imposed he must state specifically every fact to bring himself strictly within all its terms.

*Tel. Co. vs. Steele,* 9 N. E. 78.

*Kirby vs. Tel. Co.,* 57 N. W. 202.

It will be observed that this statute relates to the receipt and transmission of messages, regulating the order in which they shall be received and transmitted, and does not attempt to regulate the mode, means or time of their delivery.

The message in question was sent from Mulvane, Kansas, and any statute of Oklahoma which would attempt to prescribe the order of its receipt or transmis-

sal from that point would be in conflict with the power of congress to regulate commerce between the states and territories and would be unconstitutional.

*Tel. Co. vs. Pendleton,* 122 U. S. 347.
*Tel. Co. vs. Texas,* 105 U. S. 460.
*Rogers vs. Tel. Co.,* 122 Ind. 395.

This statute does not attempt to regulate or interfere with the delivery of messages sent to another state, but simply prescribes the order of transmission and compels the acceptance of messages when presented in the order mentioned. This is not an interference with interstate commerce and is a proper exercise of the legislative authority. (*Connel vs. Tel. Co.,* 18 S. W. Rep. 883.)

There are no allegations of the complaint that would entitle the plaintiff to recover the statutory penalty.

Plaintiff in error insists that he is in any event entitled to recover nominal damages. No damages are claimed in the complaint except for mental anguish. (*Russell vs. Tel. Co.,* 3 Dak 315.)

There is nothing on the face of the telegram to indicate to the company or its agents that there was any relationship of any character existing between the sendor and sendee of the message or of the deceased mentioned in the message—and no allegation that the defendant was notified of any such relationship or for whose benefit the message was sent.

We find no error in the record; the judgment of the district court is affirmed at the costs of the plaintiff in error.

Chief Justice Dale, not sitting; all other Justices concurring.