## THOMAS v. WESTERN UNION TELEGRAPH CO.

No. 1183.   Opinion Filed October 3, 1911.

(118 Pac. 370.)

**TELEGRAPHS AND TELEPHONES—Delay in Delivery—Mental Anguish.** In the absence of statute, damages are not recoverable for mental distress alone, caused by negligent delay in deliverying a telegram.

(Syllabus by Brewer, C.)

*Error from District Court, Lincoln County; W. N. Maben, Judge.*

Action by Lum Thomas against the Western Union Telegraph Company.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*Hoffman & Robertson,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendant in error.

Opinion by BREWER, C.   This case was tried in the district court of Lincoln county, and decided on the general demurrer of the defendant to plaintiff's petition.   The petition stated, in substance:   That the plaintiff resided in Lincoln county, near the village of Avery, where defendant has an office and agent.   That defendant is engaged in transmitting messages for the general public for hire.   That an June 11, 1907, the mother of plaintiff, residing in Kansas City, Mo., with a daughter, Annie Thomas, a sister of plaintiff, delivered to defendant at Kansas City, for transmission and delivery to plaintiff at Avery, Okla., the following message:   "To Lum Thomas, Avery, O. T.:   Annie is dead.   Mrs. Thomas."   That defendant accepted said message, and agreed and undertook to carefully and promptly transmit same to plaintiff; but that, notwithstandng its agreement, promise, and legal obligation so to do, defendant failed and neglected to deliver the message to plaintiff for more than 30 days, etc. That, by means of the carelessness and negligence of defendant

in not delivering the message, plaintiff was deprived of visiting at his mother's home in Kansas City, and of seeing and being present at the burial of his only sister, to whom he was strongly attached, and for whom he had the greatest reverence and love.  That because of the negligence and carelessness of the defendant, plaintiff was caused to and did suffer great mental anguish and pain of body and mind, and still does suffer great anguish by reason thereof.  That by reason of the foregoing this plaintiff has been greatly injured in his body and mind in the sum of $1,900.  Plaintiff then prays for judgment in said sum for damages as aforesaid, costs of suit, and other relief.

The defendant interposed a general demurrer to plaintiff's petition: "That said petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against this defendant."  The trial court sustained the demurrer.  The plaintiff elected to stand on it, excepted to the ruling of the court, refused to further plead, and brings this appeal.

These cases above cited were decided prior to statehood; but absence of a statute permitting it, damages for mental pain and anguish can be recovered.  If they can be, when unaccompanied with any physical injury or financial loss, then the petition stated a cause of action, and the demurrer should have been overruled; if not, then the action of the court in sustaining the demurrer was correct, and should be sustained.  This question is not an open one in this court.  That such damages are not recoverable was decided by the Supreme Court of the Territory of Oklahoma in *Butner v. Western Union Tel. Co.*, 2 Okla. 234, 37 Pac. 1087, and *Long et al. v. C., R. I. & P. Ry. Co.*, 15 Okla. 512, 86 Pac. 289, 6 L. R. A. (N. S.) 883.

These cases above cited wer decided prior to statehood; but the rule announced in those cases has been fully upheld by, and the question in this case fully determined in a recent decision of, this court.  In *Western Union Telegraph Co. v. Choteau*, reported in 28 Okla. 664, 115 Pac. 879, the doctrine of "mental anguish," commonly so called, is treated in a most exhaustive manner.  Its origin, spread, and history is discussed, and after collating prac-

tically all the adjudicated cases on the subject, both in favor of and against the rule, and after most carefully weighing the reasons advanced both for and against it, it has been condemned under the present state of the law, and in the absence of a statute thereon. The syllabus to that case is as follows:

"In the absence of statute, damages are not recoverable for mental distress alone, caused by negligent delay in delivering a telegram."

As the above case is decisive of the case at bar, there being no other question raised, it necessarily follows the judgment of the lower court must be affirmed.

By the Court: It is so ordered.

All the Justices concur.