**ST. LOUIS—S. F. R. CO. v. FREEMAN.**

No. 10192—Opinion Filed May 17, 1921.

**(Syllabus.)**

1. **Carriers—Liability for Loss of Baggage —Limitations.**
Where a railway company, by printed statements on its baggage checks and posted and published tariff, rates, schedules, and classifications, seeks to limit its liability to $100 for the value of baggage belonging to or checked for an adult passenger, it does not thereby relieve itself from liability for damages sustained by such passenger other than the value of the baggage.

2. **Same—Elements of Damage—Delay in Carriage of Sample Trunks.**
Where a carrier accepts as baggage the sample trunk of a traveling salesman with knowledge of its character, loss of time and inability to make sales because of delay in receiving trunks containing samples and necessary and reasonable traveling expenses incurred in looking for the trunks or procuring other samples will be regarded as within the contemplation of the carrier when it receives and checks traveling salesmen's sample trunks as baggage, so as to entitle such salesman to recover damages therefor, in case of such delay.

3. **Same.**
Such damages as proximately flow from the breach of the contract to carry baggage, or which, in the language of the statute, "in the ordinary course of things would be likely to result therefrom," may be recovered, and this includes loss of time, necessary and reasonable traveling expenses incurred in looking for the baggage, procuring other samples, and inability to make sales, directly occasioned by the breach of duty promptly to carry and deliver.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by W. S. Freeman against the St. Louis-San Francisco Railway Company, to recover damages for loss of baggage. Judgment for plaintiff, and defendant appeals. Affirmed.

W. F. Evans, Kleinschmidt & Grant, and W. T. Stratton, for plaintiff in error.

Edward Spiers (Bernstein & Spiers, of counsel), for defendant in error.

MILLER, J. This action was commenced in the district court of Oklahoma county by W. S. Freeman, as plaintiff in the court below, defendant in error here, to recover $429.08 as damages sustained by reason of the loss of a trunk, against the St. Louis-San Francisco Railway Company. A jury was waived and the case tried to the court. Special findings of fact were made, and the court rendered judgment in favor of the plaintiff and against the defendant for $225. Defendant appeals and appears here as plaintiff in error.

The facts are as follows:

W. S. Freeman was a traveling salesman selling a line of raincoats and other goods of like nature. On the 12th day of September, 1917, he purchased a ticket from the agent

of said railway company at Okmulgee, Oklahoma, to Oklahoma City, and upon this ticket he checked a trunk containing his merchandise and samples. The trunk did not reach Oklahoma City, and after waiting a day Freeman made complaint to the railway company's division passenger agent. He afterwards made a trip to Sapulpa, Tulsa, and Okmulgee in an effort to locate the trunk. Being unable to find it he made a trip to St. Louis, Mo., to get another trunk and a new supply of samples. His items of damage are the loss of the commissions he would have made, amounting to $165, $50 expense money, and $204.08 as the value of the articles in the trunk. The railway company admitted selling the ticket, checking the trunk at Okmulgee, and its failure to deliver the trunk at Oklahoma City. It admitted a liability of $100, but insists that its liability is limited to that amount, because at the time of the acts complained of it had on file with the Corporation Commission of the state of Oklahoma, and had published and kept open for inspection and filed in its various offices in the state, as by law required, schedules giving the rates, fares, and charges for the transportation of baggage between different points in the state, including Okmulgee and Oklahoma City. That under the provisions of said schedules the value of baggage up to and including 150 pounds, so checked as aforesaid, and without extra charge, is deemed and agreed to be not in excess of $100, unless a greater sum or value is declared by the passenger and charges paid for increased valuation at the time of delivery of said baggage to the company.

At the conclusion of the evidence, the railway company moved the court to render judgment in favor of the plaintiff and against the defendant in the sum of $100 and costs. This motion was overruled and defendant excepted. The court then made the following findings of fact and conclusions of law:

"The court finds that the defendant railway company had notice of the nature of the equipment of the baggage and that the same were samples intended by the plaintiff for use by him. The court further finds as a matter of law that the schedules were in force at the time specified and so far as the value of the property is concerned it is limited by the contract to wit, the schedule in defendant's Exhibit A, and the plaintiff will therefore recover the sum of one hundred dollars for the loss of property, also the sum of $50.00 expense incident to the recovery of and in seeking to recover the property and approximately caused by the negligence of the defendant in failing to deliver the baggage at Oklahoma City and plaintiff will also recover the sum of $75.00 for his time

lost as a result of the negligence of the defendant, in other words the plaintiff will recover the total sum of $225.00. I might say that the time lost is based at the rate of $50.00 per week, the evidence showing a loss about a week and a half time.

"By Mr. Stratton: To which findings of fact and conclusions of law the defendant excepts and gives notice in open court of its intention to appeal to the Supreme Court of Oklahoma from such judgment, and asks the court to direct the clerk to enter and make the proper entries upon the appearance docket and trial docket of the court.

"By the Court: Probably better make the further findings that the value is in excess of $100.00 but the plaintiff is limited under the contract of $100.00. You may draw up your journal entries and the clerk will make the proper entries on the docket in accordance therewith. The judgment will be for the plaintiff in the sum of $225.00 as per journal entry in the findings of this case."

The plaintiff in error made several assignments of error, but they may all be summed up and be resolved into this one question: In view of the limitation on the liability of the railway company to $100 for the value of the goods, was Freeman entitled to recover, in addition to said $100, loss of time and expenses incurred in trying to locate the trunk and necessary traveling expenses in procuring additional samples?

The baggage check issued by the railway company to W. S. Freeman contained the following notice printed thereon:

"Notice to Passengers.

"Unless a greater sum is declared by the passenger and charges paid for increased valuation at time of delivery to carrier, the value of baggage belonging to or checked for an adult passenger shall be deemed and agreed to be not in excess of one hundred dollars ($100.00) and the value of the baggage belonging to or checked for a child traveling on a half ticket shall be deemed and agreed to be not in excess of fifty dollars ($50.00.)

"To avoid storage charges, claim your baggage immediately upon arrival at destination. Passengers should take memorandum of this check number, to avoid confusion in delivery of baggage, in case duplicate check is lost.

"H. T. Mason, General Baggage Agent,

"Springfield, Mo."

The defendant in error does not question but that he had notice of the ruling; neither does the plaintiff in error question the sufficiency of the evidence to support the items set forth in the findings of fact made by the

court, but objects to the court allowing the items of expense and loss of time.

Plaintiff in error cites a large number of cases to support its contention and these cases hold that certain limitations on a carrier's liability for loss, if reasonable, will be upheld by the court, but they do not get at the exact question presented here. The case of Kansas City, Mo. & O. Ry. Co. v. Fugatt, 47 Okla. 727, 150 Pac. 669, gets closer to the question than any case cited. The syllabus reads as follows:

"A carrier, with respect to baggage accompanying a passenger, intrusted to its custody, incurs the responsibility of a common carrier of goods and is liable as an insurer of baggage, except where the loss or damage is caused by the act of God, the act of the owner, or by the public enemy.

"It is the duty of the carrier to deliver a passenger's baggage, whether within the weight prescribed by statute or not, immediately upon the arrival of the passenger at his destination.

"It is a matter of general knowledge, of which courts will take judicial notice, that common carriers by rail make a practice of carrying as baggage the sample trunks of traveling salesmen.

"Where a carrier accepts as baggage the sample trunks of a traveling salesman, with knowledge of their character, it thereby waives any objection on the ground that such trunks and contents are not properly baggage, and its liability therefor is the same as that with reference to baggage as defined in section 806, Rev. Laws 1910.

"The measure of damages for a carrier's delay in forwarding the sample trunks of a traveling salesman is the value of the use of the property during the delay, together with the loss of time occasioned thereby; the carrier's agent receiving the trunks for transportation with knowledge of their contents and intended use.

"Loss of time and inability to make sales because of delay in receiving trunks containing samples will be regarded as within the contemplation of the carrier when it receives and checks a salesman's sample trunks as baggage, so as to entitle him to recover damages therefor in case of such delay.

"Such damages as proximately flow from the breach of the contract of carriage of baggage, or which, in the language of the statute, 'in the ordinary course of things would be likely to result therefrom,' may be recovered, and this includes loss of time and inability to make sales directly occasioned by the breach of duty promptly to carry and deliver."

This being an action to recover damages for breach of a contract, to wit, the failure to deliver the trunk and samples at Oklahoma City, the following sections of Revised Laws of 1910 may be considered:

"Section 2845. Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages.

"Section 2846. Detriment is a loss or harm suffered in person or property."

"Section 2852. For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

We think the court was correct in limiting the amount of the railway company's liability for the value of the goods in the trunk to $100.

When the railway company accepted the trunk for transportation under its duty as a common carrier of passengers for hire, knowing that Freeman was a traveling salesman and that this was a trunk containing samples, it knew that, if it did not make immediate delivery of the trunk at its destination at Oklahoma City, W. S. Freeman, as such traveling salesman, would suffer other detriment and loss by reason of its failure to deliver the trunk. The detriment caused by the loss of time because of its failure to deliver the trunk and his inability to exhibit his samples to the trade, his loss of time looking for the trunk, and his expenses incurred were all such losses as would naturally flow from or follow its failure to deliver the trunk. It was such loss as it might anticipate and reasonably expect as a result of its failure to make the delivery. The liability of the railway company for this loss was not limited by the $100 clause for the value of the goods in the trunk. The court by allowing these items of damage against the railway company did not infringe upon or violate the terms of the contract or the notice on the trunk check or its tariff rates as posted and published as aforesaid.

Under the findings of the court, the judgment rendered is correct and is hereby affirmed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.