**NAIL v. McCULLOUGH & LEE et al.**

No. 10785—Opinion Filed Feb. 13, 1923.

(Syllabus.)

1. Dead Bodies—Mutilation—Mental Anguish.

A father is not entitled, under the law, to recover damages for mental pain and anguish occasioned by the mutilation of the body of his dead daughter.

2. Damages—Mental Anguish.

It is the settled law in this jurisdiction that mental anguish of itself cannot be treated as an independent ground of damages so as to enable a person to maintain an action for that injury alone.

3. Appeal and Error—Abstract Questions.

The Supreme Court will not decide abstract and hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no particular result can follow, other than who shall pay the cost of the proceedings.

Error from Superior Court, Tulsa County; L. J. Martin, Judge.

Action by T. L. Nail against McCullough & Lee, a copartnership, and Walker D. Hines, Director General of Railroads, for damages. Judgment for defendants, and plaintiff brings error. Affirmed.

Robinett & Ford, for plaintiff in error.

Cottingham, Hayes, Green, & McInnis, for defendant in error Walker D. Hines, Director General of Railroads of the United States of America.

KANE, J. This is an appeal from the action of the superior court of Tulsa county in sustaining separate demurrers to the plaintiff's petition.

The action was for the recovery of damages for nervous shock and mental anguish resulting to the plaintiff from the negligent mutilation of the body of his dead daughter.

It seems that while the funeral procession was on its way to the cemetery in charge of McCullough & Lee, undertakers, employed by the plaintiff to give the remains suitable burial, there was a collision at a crossing between the hearse and a railway train, causing the mutilation complained of.

The following are the questions presented for review as stated by counsel for plaintiff in their brief.

(1) Can a recovery be had for nervous shock and mental anguish resulting from the negligent mutilation of a dead body?

(2) Can a recovery be had for nervous shock and mental anguish occasioned by the negligent mutilation of a dead body, and which is aggravated by the refusal of the persons negligently mutilating it to gather up the scattered remains of the dead body and properly preserve and prepare the same for a decent and humane burial?

(3) Can nominal damages be recovered for the negligent mutilation of a dead body?

It is conceded that the first question raised was squarely answered in the negative by the Supreme Court of the territory in the case of Long v. Chicago, R. I. & P. R. Co., 15 Okla. 512, 6 L. R. A. 883. 86 Pac. 289, and 6 Ann. Cas. 1005, where it was held:

"The parents of an infant child are not entitled, under the law, to recover damages for mental pain and anguish occasioned by the mutilation of the dead body of such infant."

Counsel for plaintiff in error concede that this case is in point against them, but they say that inasmuch as it has been criticized by the Court of Appeals of Missouri in the case of Wilson v. St. Louis & S. F. R. Co., 142 S. W. 775, and other courts and textbook writers, it should be overruled and a contrary rule adopted.

Without discussing the merits of the opposing cases on this question, we are convinced that if the doctrine of stare decisis is to be given any weight whatever, we must adhere to the doctrine laid down in the Long Case as the settled law of this jurisdiction. The opinion was handed down in 1905, several years prior to statehood, and since that time the doctrine announced has been upheld in principle in several well-considered opinions by the Supreme Court of the state. Western Union Telegraph Co. v. Choteau, 28 Okla. 664, 115 Pac. 879; Thomas v. Western Union Telegraph Co., 80 Okla. 63, 118 Pac. 370.

In the Choteau Case, supra, Mr. Justice Dunn, after reviewing all the cases and authorities cited in the Long Case, says:

"These authorities stood as the settled law on this subject until the incoming of statehood, for all the western portion of the state. They represent the solemn declaration, twice enunciated, of the court which this court is the successor; they are supported, as Judge Cooley says, by the decided weight of authority; they are logical and reasonable, and why should we depart from them?"

It is true that there is a sharp conflict of authority on the question; but in view of the careful consideration it has already received in this jurisdiction, we do not feel called upon to re-examine the cases. Practically all the cases from every jurisdiction are collected and annotated in the case of Minnie Nichols v. Central Vermont R. Co., 109 Atl. 905, 12 A. L. R. 333, cited by counsel for both parties.

It seems to us the second proposition merely presents the question just passed upon for consideration under more aggravating circumstances. The petition, as we have seen, alleges a cause of action for damages for mental pain and suffering alone. Inasmuch as we have held that it is the settled law in this jurisdiction that mental anguish of itself cannot be treated as an independent ground of damages so as to enable a person to maintain an action for that injury alone, the authorities hereinbefore cited are also decisive of the second proposition.

The question raised by point No. 3, "Can nominal damages be recovered for the negligent mutilation of a dead body?" does not seem to have been submitted to the trial court for decision. Moreover, it has been many times held by this court that the Supreme Court will not decide abstract and hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no particular result can follow, other than who shall pay the cost of the proceedings.

As in the case at bar a decision of the question now under consideration in favor of the plaintiff would only serve to provide a hook upon which to hang the cost of appeal, we decline to pass upon it under the rule just announced.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.