No. 11,254.

PEOPLE EX REL. BEAR CREEK DEVELOPMENT CORPORATION ET AL. *v.* DISTRICT COURT OF THE SECOND DISTRICT.

Decided November 5, 1925.   Opinion adhered to February 1, 1926.

*Petition for Writ of Prohibition.*

Demurrer to petition, and motion to quash order to show cause, overruled.

1.  VENUE—*Action Affecting Property—Jurisdiction.*   Under section 26, Code '21, the Denver district court, if motion to change venue is made, has no jurisdiction over an action by the city of Denver to condemn private property in Jefferson county for public use.

2.  MUNICIPAL CORPORATIONS—*Charter—Code.*   A city charter cannot repeal provisions of the Code, nor control the jurisdiction of courts.

3.  PRACTICE AND PROCEDURE—*Special Statutes.*   Where there are no directions as to procedure under a special statute, code provisions apply.

4.    *Special Proceedings—Legislative Power.*    The legislature
      may provide the procedure under special acts, which must be
      followed, however unwise it may prove in practice.

5.    VENUE—*Place of Trial—Statutes.*    Bringing an action, and trying
      it, are two different things.    An action may be brought in a
      county where, if objection is made, it cannot be tried, and a
      statute fixing the place where an action must be brought, can-
      not be said to control the place where it must be tried.

6.    COURTS—*Duties—Judgment.*    The duty of courts is to decide
      actual controversies by a judgment which can be carried into
      effect, and not to declare principles or rules of law which can-
      not affect the matter in issue before them.

7.    PROHIBITION—*Cases of Public Importance.*    The instant case, being
      one to condemn private property for public use, considered of
      sufficient publiq importance to justify the Supreme Court in tak-
      ing jurisdiction under rule 57.

8.    PARTIES TO ACTIONS—*Prohibition.*    In an application to the Su-
      preme Court for a writ of prohibition, the parties who are
      brought into the court below as respondents in an eminent
      domain proceeding, are proper relators in the prohibition appli-
      cation.

9.    PRACTICE AND PROCEDURE—*Actions in the Name of the People.*    The
      almost universal practice is to bring actions in mandamus, pro-
      hibition and quo warranto in the name of the people.

## Original Proceeding.

Messrs. QUAINTANCE & QUAINTANCE, Mr. HALSTED L.
RITTER, for petitioners.

Mr. HENRY E. MAY, Mr. MILNOR E. GLEAVES, for re-
spondent.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS is a petition for writ of prohibition to restrain the Denver district court from proceeding in an action brought by the city of Denver to condemn lands in Jefferson county for park purposes. We issued a rule to show cause. The city has demurred to the petition and also answered it.

The petitioners, defendants below, moved to change the place of trial of that action to Jefferson county under the Code of 1921, section 26, which reads as follows: "All actions affecting property, franchises or utilities, whether by foreclosures, appointment of receivers, or otherwise, shall be tried in the county where such property, franchise or utility is situated, or in the county where the greater part thereof is situated. And it shall be the duty of the court, upon application of any party to the action or interested in the subject matter, at once to transfer any case to the county in which such property, franchise or utility is situated. After the application is made, the court shall have no jurisdiction, except for the purposes of entering the order of transfer. (L. '05, p. 166, § 1, Code '08, § 26.)"

Since the matter is prohibition, the ultimate question before us is whether the court below had jurisdiction. The only objection to its jurisdiction is what said act says; consequently the only question which we have any right to decide is whether the petitioners were entitled, under said section, to a change of place of trial. The action below is to take private property for public use; it is, therefore, an action affecting property. It follows that the court has no further jurisdiction over the case.

The city seeks to escape this conclusion by the proposition that the proceeding is under S. L. 1911, c. 129, a special proceeding under a special statute which supplies a complete procedure and so is not subject to the provisions of the Code, and that it specifically provides that the action shall be brought in Denver, and thus precludes its removal. The city also relies on her charter, but that instrument cannot repeal the Code or control the jurisdiction of the courts.

It was held that in procedure under a special act of eminent domain the Code rules as to amendments of pleadings did not apply, but this was because that eminent domain act contained provisions for amendment. *Knoth v. Barclay,* 8 Colo. 300, 301, 302, 6 Pac. 924. Where there are no directions as to procedure in the special act, the Code comes in, as appears in *Colo. Cent. R. Co. v. Humphrey,* 16 Colo. 34, 37, 26 Pac. 165, where this court declares that the court below erred in not following the code. In *D. & R. G. Co. v. Griffith,* 17 Colo. 598, 31 Pac. 171, the question was whether the defendant ought to have had opportunity to answer, and the court said no, for the reason that no answer was necessary because "it seems to be the intent and object of the (eminent domain) act that the cause shall be heard alone upon the petition, no answer or reply being necessary." Such is not the case with the act of 1911. See section 5. *Tripp v. Overocker,* 7 Colo. 72, 1 Pac. 695, merely holds that since the act provides for a method of procedure it must be followed, and a civil action under the Code is improper.

None of the cases cited by the city goes any farther than the above. They do not support the claim that there can be no change of place of trial, and we cannot assent to such a proposition. Any of the other ordinary grounds for change of place of trial might exist; local prejudice, disqualification of judge, convenience of witnesses, etc. Is it possible that the legislature intended to deny all these in condemnation suits?

It is urged that since the commissioners must be freeholders of Denver the trial must be there. It does not follow. However unwise such a proceeding may be the legislature may so provide. *Martin v. People,* 69 Colo. 60, 61, 168 Pac. 1171. There is nothing in the act of 1911 inconsistent with the right of change. Its effect is that the action must be brought in the county of the plaintiff municipality, but this court, ever since the case of *Fletcher v. Stowell,* 17 Colo. 94, 28 Pac. 326, has stood to the proposi-

tion that bringing an action and trying it were two different things; that the statute as to place of trial meant what it said, and its provisions were not jurisdictional but that an action might be brought in a county where, if objection were made, it could not be tried. Conversely, we must say that a statute fixing the place where an action must be brought cannot be said to control the place where it must be tried. Section 26, then, having been neither expressly nor impliedly repealed, stands, and since the property affected is all in Jefferson county, there is no alternative but to change the trial to that county.

The greater part of the argument of the parties has been taken up with questions on the merits of the case below, especially of the powers of the city to condemn land outside her limits and the constitutionality of the act of 1911. These questions are not before us. We are urged to decide them notwithstanding, but "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not * * * to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills v. Green,* 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293; *Keely v. Ophir Hill Co.,* 169 Fed. 601, 605, 95 C. C. A. 99; *Nail v. McCullough,* 88 Okla. 243, 212 Pac. 981. That we have sometimes done such things when we were asked, and that we too often say more than necessary does not justify us in deliberately repeating the offense. So far we have never used our constitutional supervisory powers merely to prevent error in a lower court. *People ex rel. Allen v. Dist. Court,* 72 Colo. 525, 527, 211 Pac. 626. The demurrer to the petition is overruled.

The respondent also moves to quash the order to show cause and the restraining order pursuant thereto. The points made in that motion are in substance: First, the facts are insufficient; second, that defendants below waived their right to a change; third, that because of rule 57 the matter should not be heard; fourth, that the relators are

not proper parties; fifth, that they have no right to use the name of the people.

The first point is settled on demurrer. The briefs do not call to our attention anything in support of the second. Upon the third we have considered that the matter is of enough public importance to be regarded as publici juris under rule 57, and so we entertain the proceeding. As to the fourth, who should be the relators but they who were brought into the court below by respondent and whose rights are denied by the court? As to the fifth, the almost universal practice is to use the people's name in mandamus, prohibition and quo warranto. The people's name is a matter of form, used as a matter of course. 32 Cyc. 625. See also *People v. Collins,* 19 Wend. (N. Y.) 55, 64, 68, for a learned discussion of the matter, and see also *Aggers v. People,* 20 Colo. 348, 38 Pac. 386. The motion is overruled.

These rulings, we understand, leave the case standing on the petition and answer. The petitioner may have five days after the mailing by the clerk of notice of these rulings to plead to the answer.

MR. JUSTICE SHEAFOR not participating.