**SEIDENBACH'S, INC., Plaintiff in Error,**
**v.**
**LaWanda WILLIAMS, Defendant in Error.**
**No. 38960.**

Supreme Court of Oklahoma.
April 11, 1961.

Robert D. Hudson, Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error.

Burt, Seigel & Franklin, Tulsa, for defendant in error.

BLACKBIRD, Vice Chief Justice.

This action concerns a controversy arising out of the purchase of a wedding gown and veil. Defendant in error (hereinafter referred to as plaintiff) ordered them from plaintiff in error, owner and operator of a Tulsa department store (hereinafter referred to as defendant) in time for her scheduled wedding in that City. When defendant did not deliver them to the church (where plaintiff's wedding was to occur) within forty minutes after the ceremony was to start, it proceeded, with her wearing the suit provided for her honeymoon trip. The wedding gown, which had been completed at the defendant's store in ample time for delivery before the wedding, and various other items of clothing apparently forming parts of plaintiff's trousseau, had been charged to her at said store, but remained unpaid for, when she returned to Tulsa from her honeymoon trip, and indicated that she would still like to have the gown and veil.

After consultation between Mr. Seidenbach, defendant's chief executive, and Mrs. Wedel, the store's bridal clothing saleswoman, or "bridal consultant", it was agreed that plaintiff should be given a credit of $94.35 on the gown and veil's combined original price of $163.20; and they were delivered to her.

Thereafter, when plaintiff instituted the present action against defendant, she alleged that defendant "breached its duty" toward her in failing to deliver the "gown and veil until over a week after the wedding occurred * * *", and sought recovery of various items of the wedding's expense, such as organist's fee, vocalist's fee, cost of the wedding invitations and pictures, etc., totaling $716.61, as damages. Further alleging that "as a result of the wanton, negligent and willful acts" of defendant, her "formal wedding was shattered and laid to ruin" from the absence of the gown and veil, causing her "to suffer great mental anguish, humiliation and embarrassment * * *", plaintiff sought, on that account, further damages in the sum of $10,000.

Defendant's answer was in the form of a general denial, and a specific denial that it had breached its contract with plaintiff. It alleged, in substance, that the reason the gown and veil were not delivered in time for the wedding was that plaintiff had not, a few days before the wedding, verified its date, as she had agreed with defendant's Mrs. Wedel to do.

In a cross petition following its answer, defendant sought recovery against plaintiff of the sum of $202.18, representing the total original cost of the clothing defendant had allegedly furnished plaintiff, less the hereinbefore mentioned discount of $94.35, which defendant alleged was given plaintiff as consideration for a compromise of the controversy.

At the beginning of the trial, plaintiff elected to prosecute her alleged cause of action on a breach of contract, rather than a tort, theory. At the close of plaintiff's evidence, defendant's demurrer thereto was overruled, as was its motion for a directed verdict, after all of the evidence had been introduced.

Upon submission of the cause to the jury, two separate verdicts were returned. One granted plaintiff recovery of $1,500 on her

petition; the other granted defendant recovery of $202.18, on its cross petition. Thereafter, the trial court apparently subtracted the smaller verdict from the larger one, and rendered judgment for plaintiff in the amount of the difference of $1,297.81. After the overruling of its motion for a new trial, defendant perfected the present appeal.

 For reversal, defendant has submitted three propositions, but as we have determined that the trial court erred in overruling defendant's motion for a new trial, and that, for this reason, the case must be reversed and remanded, it is necessary to deal only with its contention that, in Oklahoma, damages may not be recovered for mental anguish, humiliation, and embarrassment allegedly resulting from a breach of contract, where same "was not produced by, or the result of, some physical injury and suffering * * *". This contention, or proposition, apparently covers, or pertains to, both defendant's assignment of error in the overruling of its demurrer to plaintiff's evidence and motion for a directed verdict, and to its contention that the court erred in instructing the jury. (Since defendant introduced evidence of its own, after the overruling of its demurrer to plaintiff's evidence, said ruling is not a proper subject of consideration in this appeal. See Mulkey v. Morris, Okl., 313 P.2d 494, 499, citing Chickasha Cotton Oil Co. v. Hancock, Okl., 306 P.2d 330.

 Consideration of the fact that the verdict, as well as the judgment, for plaintiff was for an amount larger than the total of the damages she claimed for items other than mental anguish, humiliation, and embarrassment, renders it certain that a substantial portion of her recovery was for these items. Moreover, she neither alleged nor proved that defendant's claimed breach of the contract, to deliver her said gown and veil, caused her any physical injury, or that her injured, vexed, or perturbed feelings from such breach were caused, or connected with, or aggravated, or produced, any such injury or disability. In Nail v.

McCullough & Lee, 88 Okl. 243, 212 P. 981, this court held:

"It is the settled law in this jurisdiction that mental anguish of itself cannot be treated as an independent ground of damages so as to enable a person to maintain an action for that injury alone."

In the body of the opinion (212 P. at page 982), it was further said:

"It is true that there is a sharp conflict of authority on the question, but, in view of the careful consideration it has already received in this jurisdiction, we do not feel called upon to reexamine the cases."

In Belt v. St. Louis-San Francisco Ry. Co., 10 Cir., 195 F.2d 241, 243, it was said:

"Oklahoma courts are committed to the rule that 'No recovery can be had for mental pain and anguish, which is not produced by, connected with, or the result of, some physical suffering or injury, to the person enduring the mental anguish.' St. Louis & San Francisco Ry. Co. v. Keiffer, 48 Okl. 434, 150 P. 1026. In other words, Oklahoma law does not compensate for mental anguish or disturbance alone—it must be a part of the physical suffering and inseparable therefrom, as where the mental anguish is superinduced by physical hunger pains. See Thompson v. Minnis, 201 Okl. 154, 202 P.2d 981."

See also McCormick On Damages, sec. 145 "Mental Distress". The statement plaintiff's counsel quote from Koons v. Shelburne Motor Co., 167 Okl. 634, 31 P.2d 573, 574, that: "The authorities almost unanimously recognize exceptions to the rule that mental suffering is not, ordinarily, an element of damage arising from the breach of contract" constitutes no basis for upholding her recovery. That statement was a purely academic reference to decisions in other jurisdictions, and was in the nature of dictum. This court made it quite clear in its discussion in the early telegraph cases of Butner v. Western Union Tel. Co., 2 Okl. 234, 37 P. 1087 (decided before State-

hood) cited in the Koons case, and Western Union Tel. Co. v. Choteau, 28 Okl. 664, 115 P. 879, 49 L.R.A.,N.S., 206, Ann.Cas.1912D, 824, that there is no basis in this jurisdiction for recognizing any such exception as to mental pain and suffering, not the result of, nor accompanied by, physical injury. During the course of our discussion in the latter case, we pointed out (115 P. at page 880) that, generally speaking, the courts of this Nation derive their rules and power of adjudication from but two sources, namely: The English Common Law, and our statutes. The authority relied upon in Page on the Law of Contracts—the text cited in the Koons case, supra—for allowing damages for mental distress caused by breach of a contract to furnish a trousseau, is Lewis v. Holmes, 109 La. 1030, 34 So. 66, 61 L.R.A. 274, which seems to be the leading case of the few of like result. As pointed out, however, in Graham v. Western Union Tel. Co., 109 La. 1069, 34 So. 91—decided less than one month before the Lewis Case—there is good reason for such holding in Louisiana, whose jurisprudence and statutes follow the French Napoleanic Code, rather than the English Common Law. Our adjudication of the trial court's error in this case *constitutes no denial that one can validly recover special, in addition to actual, damages* for breach of contract in Oklahoma. Here, the court's instructions (particularly instructions numbered 3 and 6) made plaintiff's recovery of damages for her mental distress dependent *neither upon the jury's determination that she suffered any actual damages, nor that the contract was wilfully and maliciously breached.* As herein demonstrated, such a recovery cannot be sustained without overruling or disavowing principles and precedents this court has been recognized by other courts as having followed since its creation.

In view of the foregoing, the trial judge would have been justified in sustaining a motion, on behalf of defendant, to direct a verdict for it as to plaintiff's recovery of any of her alleged damages, except actual damages, if any. Instead of being a motion of such specific nature, however, her motion was general, and was directed to her recovery of any and all damages, whatsoever. Therefore, we do not hold that the trial court erred in overruling it. Nor do we pass upon plaintiff's right to recover damages for any actual, compensable detriment she may be able to establish she suffered as the direct, or proximate result of the claimed breach. Counsel bring into their argument, under defendant's proposition II, statements to the effect that the evidence shows plaintiff suffered no actual damages for the sums of her wedding expenses, including the pictures, made of her at the wedding. They represent her testimony as showing that all of such items "were received or utilized", but they do not demonstrate that the pictures, for instance, showing her wearing a suit, rather than a wedding gown and veil, were worth the full value she may have contracted for, or was obligated to pay for, them. (We need not, nor do we, hold that, to a married woman, a picture of her wedding (otherwise formal) showing her wearing a suit, instead of a formal wedding gown and veil, is worth as much as if it depicted her wearing such formal attire.)

There can be no doubt, however, that, under the above cited Oklahoma decisions, the trial court erred in submitting this case to the jury on the theory that plaintiff could recover damages for mental anguish, humiliation and embarrassment; and, that this error is reflected in one of the verdicts, as well as the judgment. For this error alone, said court should have sustained defendant's motion for a new trial. Its order and judgment overruling said motion is therefore reversed, and the cause is remanded to the trial court with directions to set it aside, and sustain defendant's motion for a new trial.

WILLIAMS, C. J., and WELCH, HALLEY, JOHNSON and IRWIN, JJ., concur.

JACKSON, J., concurs in part; dissents in part.

DAVISON and BERRY, JJ., dissent.

BERRY, Justice (dissenting).

I am unable to agree with the majority opinion.

Defendant in error here seeks to recover damages resulting from plaintiff in error's breach of a contract. The following provisions of 23 O.S.1951, are therefore applicable:

"Sec. 3. Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages.

"Sec. 4. Detriment is a loss or harm suffered in person or property."

"Sec. 21. For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

The quoted statutes were cited and applied in St. Louis-San Francisco Ry. Co. v. Freeman, 82 Okl. 6, 198 P. 298, 300, 25 A. L.R. 72, in which case a traveling salesman sought damages resulting from loss of time and travel expenses in recovering a sample trunk that the carrier had undertaken to transport. In speaking of the damages that the traveling salesman was entitled to recover, this was said:

"(2, 3) When the railway company accepted the trunk for transportation under its duty as a common carrier of passengers for hire, knowing that Freeman was a traveling salesman and that this was a trunk containing samples, it knew that, if it did not make immediate delivery of the trunk at its destination at Oklahoma City, W. S. Freeman, as such traveling salesman, would suffer other detriment and loss by reason of its failure to deliver the trunk. The detriment caused by the loss of time because of its failure to deliver the trunk and his inability to exhibit his samples to the trade, his loss of time looking for the trunk and his expenses incurred, were all such losses as would naturally flow from or follow its failure to deliver the trunk. It was such losses as it might anticipate and reasonably expect as a result of its failure to make the delivery."

We stated in the second paragraph of the syllabus to Eason Oil Co. et al. v. Whiteside, 175 Okl. 254, 52 P.2d 35, that "Where parties have made a contract which one of them has breached, the damages which the other party may receive in respect to such breach of contract are such as may freely and reasonably be considered; either arising naturally, according to the actual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract, as the probable result of it."

This was said at p. 456, Sec. 53, "Damages", 15 Am.Jur.:

"In addition to general damages, one injured by the breach of a contract to which he is a party is entitled to recover special damages which arise from circumstances peculiar to the particular case, where those circumstances were communicated to, or known by, the other party at the time the contract was made; that is, he may recover such damages as are the reasonable and natural consequences of the breach under the circumstances so disclosed and as may reasonably be supposed to have been in the contemplation of both parties. * * *"

In Lewis et al. v. Holmes, 109 La. 1030, 34 So. 66, damages were sought for breach of a contract to make and timely deliver a trousseau. In speaking of damages allowable for the breach of such a contract, this was said in the first paragraph of the syllabus:

"Damages are recoverable for deprivation of intellectual enjoyment and for mental suffering, resulting from the breach of a contract."

And in the body of the opinion, this was said:

"Although the general rule is that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain, to the party. When the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality, or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach. A contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.

\* \* \* \* \* \*

"\* \* \* In computing the damages the allowance must be restricted to what may reasonably be held to have been within the contemplation of the parties in entering into the contract. The contract was to furnish the dresses in time for the wedding on the 19th. D. H. Holmes must be held to have known that, if the dresses were not finished by that day, the bride would be keenly disappointed. Also that the bride would need the dresses for the festivities incident to her wedding and immediately following, for which it is customary for brides to provide themselves with a trousseau."

The court of appeals of Alabama held in substance in Browning v. Fies et al., 3 Ala.App. 580, 58 So. 931, that when a person who operated a livery stable contracted with a groom to furnish a team at a specified time for use in carrying the groom and his friends to the groom's wedding, the groom could recover special damages in the nature of mental anguish for breach of the contract.

In McConnell v. United States Express Co., 179 Mich. 522, 146 N.W. 428, the cases last above cited are cited and quoted from with approval. In the third paragraph of the syllabus to the McConnell case, this was said:

"Where special circumstances have been communicated to a party at the time of making the contract, so it is apparent that a breach will result in special damages, they are recoverable although they would not result ordinarily from failure to perform."

We recognized in Koons v. Shelburne Motor Co., 167 Okl. 634, 31 P.2d 573, 574, that "the authorities almost unanimously recognize exceptions to the rule that mental suffering is not, ordinarily, an element of damage arising from a breach of a contract"; that one of said exceptions is where a contract to furnish a wedding trousseau is breached.

As I read the authorities, it is settled law that where a contract is entered into under special circumstances known to both parties, damages for breach of the contract are measured not only by actual loss but also by special damages such as mental anguish where such damages were within the contemplation of the parties at the time the contract was entered into.

In the instant case, the special circumstances were a formal church wedding. At the wedding the defendant in error, in keeping with custom, planned to wear an appropriate wedding gown, greet the wedding guests, assist in serving the wedding cake, pose for the usual photographs, etc. In brief, she, as the bride, planned to be appropriately attired and do those things which are usually done by a bride at a formal church wedding. It is apparent that her plans were built and centered around an appropriate wedding gown which is the keystone to a formal wedding. The embarrassment and humiliation that she ex-

perienced upon being compelled to appear at the wedding in street attire can readily be appreciated. Her embarrassment and humiliation was heightened by her swollen countenance which resulted from tears that she copiously shed.

At all times, plaintiff in error knew that defendant in error intended to wear the gown that it had contracted to supply at a formal wedding and is charged with knowledge of the customs followed at such weddings. Having such knowledge, plaintiff surely realized that its breach of the contract would disrupt defendant in error's wedding plans and would cause her the mental anguish and distress that she underwent only because of said breach. Since damages attributable to such distress and anguish were within plaintiff in error's contemplation and are damages which would likely result from the breach, defendant in error is entitled to recover such damages.

For reasons given, I respectfully dissent.